■ THOMAS J. D'ERRICO, Appellant, and THOMAS J. D'ERRICO, SR., et al., Nonparty Appellants, v MARGARET A. D'ERRICO, Respondent.

Contrary to the father's contentions, we find that the Supreme Court did not improvidently exercise its discretion in directing that his visitation with the child be supervised. Where, as here, there has been a full evidentiary hearing, the findings of the hearing court are to be accorded great weight, and will not be lightly set aside *(see, Friederwitzer v Friederwitzer,* 55 NY2d 89). Upon a review of the record, we agree with the Supreme Court's determination that the father was in violation of a prior visitation order, thereby placing the child's safety at risk. However, we are of the opinion that the best interests of the child would be better served by allowing supervised visitation with the father twice a month, instead of once a month, and modify the hearing court's determination accordingly *(see, Weiss v Weiss,* 52 NY2d 170; *Shulman v Shulman,* 117 AD2d 732).

In addition, we find no improvident exercise of discretion in connection with the award of visitation to the grandparents and we therefore decline to disturb the court's determination in this respect *(see, Lo Presti v Lo Presti,* 40 NY2d 522).

The father's application for counsel fees was properly denied since there was no showing of an inability to pay such fees *(see, Matter of Landrigan v Landrigan,* 146 AD2d 575; *Cook v Cook,* 95 AD2d 768).

We have reviewed the father's remaining contention, and find it to be without merit *(cf., McDermott v McDermott,* 124 AD2d 715). Mollen, P. J., Mangano, Thompson and Brown, JJ., concur.