■ In the Matter of JOHN FORJONE, Appellant, v SANDRA PLATNER, Respondent. [594 NYS2d 935] —Order unanimously affirmed without costs. Memorandum: Petitioner appeals from an order of Family Court that denied his petition for custody and granted sole custody of the child to respondent. Petitioner contends that the court erred in failing to state the facts it deemed essential to its resolution of the matter *(see,* CPLR 4213 [b]) and that the determination is against the weight of the evidence.

Although the court failed to comply with CPLR 4213, the record is sufficient to permit us to make the required findings *(see, Matter of Thompson v Unczur,* 55 AD2d 818, 819, *lv denied* 42 NY2d 806; *cf., Matter of Erie County Dept. of Social Servs. v Charlie S.,* 190 AD2d 1024). We find that the parties are the parents of a daughter, Samantha, born out-of-wedlock on December 13, 1985. Following entry of an order of filiation on October 25, 1988, the court granted an order of custody and visitation based upon the parties' stipulation. Pursuant to the terms of that order, the parties were granted joint custody of the child; respondent was designated the primary residential parent. The order also scheduled petitioner's visitation rights to include alternate weekends and holidays and weekday visits. Samantha has resided with respondent since her birth. We find that respondent failed to consult with petitioner concerning the child's enrollment in daycare and participation in counseling. Although respondent's previous acknowledgement that she had frustrated petitioner's visitation rights led to a modification of the court's visitation schedule, the record supports her claim that she has not violated the court's order since that time. Aside from petitioner's allegations that respondent allows the child to stay up too late and has demonstrated an inability to communicate with petitioner on any matters concerning the child, the record is devoid of evidence that respondent lacks sufficient parenting skills or is other-

wise unfit. Nor does it appear that the child's needs are not being met by respondent in her role as the primary custodial parent.

Where, as here, there has been a full evidentiary hearing, the determination of the hearing court, who was in a position to evaluate the testimony, character and sincerity of the parties, must be accorded the greatest respect *(Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946, 947; *Eschbach v Eschbach,* 56 NY2d 167, 173; *Gugino-Toufexis v Toufexis,* 132 AD2d 995, 996). We conclude that there is a sound basis to support Family Court's determination that it would be in the child's best interest to award sole custody to respondent. Petitioner's proof, which consisted solely of testimony indicating isolated difficulties in exercising visitation rights and a lack of communication between the parties, was completely inadequate to support a determination that it would best promote the child's welfare and happiness to vest sole custody with petitioner *(Eschbach v Eschbach, supra,* at 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 94-95; *see also,* Domestic Relations Law § 240 [1]). Based upon the demonstrated inability of petitioner and respondent to communicate and deal with one another as amicable parents concerning Samantha's care and upbringing, the court properly awarded sole custody to respondent *(Voelker v Keptner,* 156 AD2d 1014, *appeal withdrawn sub nom. Matter of Jeff V. v Kathleen A. K.,* 76 NY2d 783). (Appeal from Order of Orleans County Family Court, Punch, J.—Custody.) Present—Green, J. P., Pine, Lawton, Fallon and Davis, JJ.