■ In the Matter of Paul L. Chapman, Esq., Law Guardian, Appellant, v William M. Tucker, Respondent. In the Matter of William M. Tucker, Respondent, v Paul L. Chapman, Esq., Law Guardian, et al., Appellants. [903 NYS2d 640]—

Appeals from an order of the Family Court, Onondaga County (George M. Raus, Jr., Ref.), entered March 20, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, denied the petition of the Law Guardian and imposed sanctions upon him.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating the second and third ordering paragraphs and as modified the order is affirmed without costs.

Memorandum: The Law Guardian, the petitioner in one proceeding as well as a respondent along with respondent mother in the other proceeding (Law Guardian), appeals from an order that denied his petition seeking to suspend respondent father's supervised visitation with the subject children and directed the Law Guardian to pay the attorney's fees and costs incurred by the father based on the "frivolity" of the petition. The mother appeals from the same order that, in the proceeding commenced by the father against the Law Guardian and the mother, found her to be in willful violation of a prior order of custody and visitation.

Addressing first the imposition of sanctions, we agree with the Law Guardian that Family Court abused its discretion in sua sponte sanctioning him upon determining that the petition filed on behalf of the children was frivolous, inasmuch as the court failed to afford the Law Guardian a reasonable opportunity to be heard before doing so (see 22 NYCRR 130-1.1 [a], [d]; Matter of Ariola v DeLaura, 51 AD3d 1389 [2008], lv denied 11 NY3d 701 [2008]). In addition, the court erred in determining that the Law Guardian engaged in frivolous conduct in filing the petition. Indeed, we conclude that he in fact complied with 22 NYCRR 7.2 by zealously representing the interests of the children. We therefore modify the order accordingly (see Ariola, 51 AD3d at 1389).

We agree with the father, however, that the court properly denied the petition of the Law Guardian seeking to suspend his supervised visitation with the children. "The denial of visitation . . . is a drastic remedy to be employed only where there are compelling reasons for doing so and substantial evidence that visitation will be harmful to the child[ren]'s welfare" (*Matter of Cameron C.*, 283 AD2d 946, 947 [2001], *lv denied* 97 NY2d 606 [2001]). " 'The court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record' " (*Matter of Hill v Rogers*, 213 AD2d 1079, 1079 [1995]; *see Paul G. v Donna G.*, 175 AD2d 236, 237 [1991]; *see also D'Errico v D'Errico*, 158 AD2d 503, 504 [1990]). Here, there is an evidentiary basis in the record to support the court's determination that continuation of the father's supervised visitation with the children is in their best interests (*see Hill*, 213 AD2d at 1079-1080).

With respect to the mother's appeal, we note that, although the court failed to comply with CPLR 4213 (b) by stating "the facts it deem[ed] essential" in determining that the mother willfully violated the prior custody and visitation order, the record is sufficient to permit us to make such findings (*see Matter of Forjone v Platner*, 191 AD2d 1033 [1993]). The evidence presented at the hearing establishes that the mother disparaged and belittled the father in the presence of the children, in direct violation of the prior order of custody and visitation in question. In addition, the evidence establishes that the mother failed to participate in individual therapy and to apprise the father of the children's "significant medical, dental or mental health appointments," as required by the prior order. Therefore, contrary to the contention of the mother, the court's determination that she willfully violated the prior order has "a sound and substantial basis in the record" (*Matter of Stuttard v Stuttard*, 2 AD3d 1415, 1416 [2003]). Present—Centra, J.P., Peradotto, Carni, Lindley and Pine, JJ.