# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**717**

**CAF 12-01506**

PRESENT: SMITH, J.P., FAHEY, CARNI, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF IRENE A. DUBOIS,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

STEVE M. PIAZZA, SR., RESPONDENT-APPELLANT.

---

THE FIX LAW FIRM, OSWEGO (ROBERT H. FIX OF COUNSEL), FOR
RESPONDENT-APPELLANT.

---

Appeal from an order of the Family Court, Oswego County (Donald E. Todd, J.), entered August 2, 2012. The order committed respondent to the Oswego County Correctional Facility for a term of six months.

It is hereby ORDERED that said appeal from the order insofar as it concerns commitment to jail is unanimously dismissed and the order is otherwise modified on the law by striking that part adjudging respondent to be in willful violation of a support order dated January 8, 1999 and as modified the order is affirmed without costs.

Memorandum: In this proceeding pursuant to article 4 of the Family Court Act, petitioner mother filed a petition alleging that respondent father willfully failed to pay child support in violation of an existing order of support. Shortly after an initial appearance on the petition in which the father requested counsel (*see* § 262 [a] [vi]) and before counsel appeared for the father, the Support Magistrate found that the father willfully violated that child support order. In addition, the Support Magistrate referred the matter to Family Court, which subsequently conducted a hearing on the issue whether the father had violated the terms of his probation by failing to pay child support. In a bench decision issued at the conclusion of the hearing, the court determined that the father "violated probation insofar as he has failed to comply with the terms and conditions of . . . his support order" and sentenced him to a six-month jail term. The written order of commitment (order) issued by the court after the hearing reflects that term of confinement, and also "adjudg[ed] [the father] to be in willful violation of [an existing] order [of child support]."

To the extent that the father contends on appeal that a jail term was improperly imposed upon his violation of the child support order, we conclude that such contention is moot inasmuch as that part of the order has expired by its own terms (*see Matter of Cattaraugus County Dept. of Social Servs. v Gore*, 101 AD3d 1739, 1740; *Matter of Alex*

*A.C. [Maria A.P.]*, 83 AD3d 1537, 1538). We further conclude, however, that the court erred in confirming the Support Magistrate's finding that the father had willfully violated the existing support order before counsel appeared before the Support Magistrate on the father's behalf (*see* Family Ct Act § 262 [a] [vi]; *see generally Matter of Kissel v Kissel*, 59 AD2d 1036, 1036-1037). We therefore modify the order accordingly. Given the enduring consequences flowing from the finding of a willful violation of a Family Court order, we note that the father's challenge to the Support Magistrate's finding of willfulness is not rendered moot because the jail sentence has been served (*see Matter of Telsa Z. [Rickey Z.]*, 75 AD3d 776, 777 n). Inasmuch as the court's bench decision reflects that the court's determination that the father violated his probation is independent of the Support Magistrate's finding of a willful violation of an existing child support order, we decline to disturb the part of the order determining that the father violated the terms of his probation. To the extent that the order reflects that the father was found to have violated his probation due to a willful breach of an existing child support order, we note that the court's bench decision rendered following the hearing includes no such finding as to willfulness and, "where 'an order and decision conflict, the decision controls' " (*Matter of Triplett v Scott*, 94 AD3d 1421, 1421).

Entered: June 14, 2013

Frances E. Cafarell
Clerk of the Court