# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1411**
**CAF 13-01604**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PHILIP MARACLE,
PETITIONER-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

JESSICA R. DESCHAMPS, RESPONDENT-APPELLANT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT.

TRONOLONE & SURGALLA, P.C., BUFFALO (DAVID C. CROWTHER OF COUNSEL),
FOR PETITIONER-RESPONDENT.

CHRISTOPHER J. BRECHTEL, ATTORNEY FOR THE CHILDREN, BUFFALO.

---------------------------------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Paul G. Buchanan, J.), entered August 7, 2013 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner primary physical custody of the subject children.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that modified a prior order entered on stipulation of the parties by awarding petitioner father primary physical custody of the parties' children. Although the mother is correct that, in seeking to change an existing custody arrangement that is based upon a stipulation, the father was required to show a change in circumstances "since the time of the stipulation" (*Matter of Hight v Hight*, 19 AD3d 1159, 1160 [internal quotation marks omitted]), we conclude, contrary to her contention, that there is a sound and substantial basis for Family Court's determination that the father had established such a change in circumstances (*see generally Matter of Chapman v Tucker*, 74 AD3d 1905, 1906; *Matter of Bryan K.B. v Destiny S.B.*, 43 AD3d 1448, 1449). The mother does not challenge the merits of the court's determination that the children's best interests are served by awarding physical custody to the father.

Entered: January 2, 2015                                    Frances E. Cafarell
                                                            Clerk of the Court