Appeal from an order of the Family Court, Erie County (Deanne M. Tripi, J.), entered April 20, 2016. The order, among other things, found respondent-petitioner in contempt of court and denied her petition to modify a prior stipulated order of custody and visitation.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by inserting after the first ordering paragraph the following: “ORDERED that Michelle L. Peay’s conduct was calculated to, or actually did, defeat, impair, impede, or prejudice the rights or remedies of Ronald E. Peay, Jr., and it is hereby” and as modified the order is affirmed without costs.
 

 Memorandum: In these consolidated appeals, respondent-petitioner mother appeals from two orders that, inter alia, found her in contempt of court and denied her petition to modify a prior stipulated order of custody and visitation. The prior stipulated order, inter alia, granted the mother custody of the subject children with visitation to petitioner-respondent father on two evenings per week. The mother sought to modify the prior stipulated order to require the father’s visitation with the children to be supervised. The father opposed supervised visitation and commenced a proceeding to hold the mother in contempt for refusing to comply with the prior stipulated order on 21 specific dates.
 

 Preliminarily, we note that the orders in appeal Nos. 1 and 2, which were entered on the same date, contain identical findings of fact and identical ordering paragraphs, and thus are duplicative of each other. It is well settled that an appeal does not lie from a duplicative order (see generally Matter of Chendo O., 175 AD2d 635, 635 [4th Dept 1991]), and we therefore dismiss the appeal from the order in appeal No. 2.
 

 Contrary to the mother’s contention, the father established by clear and convincing evidence that “a lawful court order clearly expressing an unequivocal mandate was in effect, that the [mother] . . . had actual knowledge of its terms, and that the violation . . . defeated, impaired, impeded, or prejudiced the rights of [the father]” (Matter of Howell v Lovell, 103 AD3d 1229, 1230 [4th Dept 2013] [internal quotation marks omitted]; see Judiciary Law § 753 [A] [3]). The father testified that the mother failed to bring one or more of the children for visitation on four scheduled dates in 2015, i.e., May 16, May 27, June 10, and June 13. The mother admitted to those failures. Indeed, it was undisputed that the father did not see the children between June 6, 2015 and March 8, 2016, the date of the hearing. In its decision, Family Court found the mother in contempt of court based on her refusal to allow visitation on the above dates, and it emphasized that the father had “not seen the children since June 6, 2015” despite the existence of the prior stipulated order. We note, however, that the court did not expressly find that the contemptuous acts were “calculated to, or actually did, defeat, impair, impede, or prejudice the [father’s] rights or remedies” (see § 770). Inasmuch as the finding of contempt is supported by the record, we may correct the order to add that language (see Biggio v Biggio, 41 AD3d 753, 754 [2d Dept 2007]; cf. Matter of Wilce v Scalise, 81 AD3d 1407, 1407-1408 [4th Dept 2011]). We therefore modify the order by adding an ordering paragraph containing the requisite recital.
 

 To the extent that the mother contends that the court inappropriately imposed a suspended jail sentence, we conclude that her contention is moot inasmuch as that portion of the order has expired according to its own terms (see Matter of DuBois v Piazza, 107 AD3d 1587, 1588 [4th Dept 2013]).
 

 The mother further contends that the court abused its discretion in precluding her from testifying about a statement that the parties’ son made concerning alleged abuse at the father’s home. The mother failed to preserve that contention for our review (see Matter of William, O. v John A., 151 AD3d 1203, 1205 [3d Dept 2017]; Mohamed v Cellino & Barnes, 300 AD2d 1116, 1116 [4th Dept 2002], lv denied 99 NY2d 510 [2003]). We note that the court held a Lincoln hearing and spoke directly and extensively with the son about the alleged incident.
 

 Contrary to the mother’s final contention, we conclude that the court properly dismissed her petition seeking to modify the prior stipulated order. A party seeking to modify an existing custody arrangement must demonstrate a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the children (see Matter of Yaddow v Bianco, 67 AD3d 1430, 1430 [4th Dept 2009]; see also Matter of Gross v Gross, 119 AD3d 1453, 1453 [4th Dept 2014]). The court’s determination that the mother failed to demonstrate the necessary change in circumstances is supported by a sound and substantial basis in the record (see Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; cf. Matter of Chapman v Tucker, 74 AD3d 1905, 1906 [4th Dept 2010]). The mother alleged that there was a change in circumstances because the parties’ son sustained a bruise while in the father’s care. The father testified that the son was fighting outside with his sister, so the father placed the son inside the house on a couch. The paternal grandmother, who was present for the incident, gave testimony consistent with the father’s testimony. In addition, the court spoke to the son in camera. Based on the evidence before it, the court found that the father handled the son roughly, but did not intend to hurt him, and that the children were not in any danger while in the father’s care. Thus, the court properly concluded that the facts of the incident did not demonstrate the requisite change in circumstances (cf. Chapman, 74 AD3d at 1906).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.