Matter of McKissen v DeLeon (2023 NY Slip Op 01434)

Matter of McKissen v DeLeon

2023 NY Slip Op 01434

Decided on March 17, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

943 CAF 21-01469

[*1]IN THE MATTER OF CARLOS COLON MCKISSEN, PETITIONER-RESPONDENT,
v
LOURDES M. DELEON, RESPONDENT-APPELLANT. (APPEAL NO. 2.) 

BRUCE C. ENTELISANO, UTICA, FOR RESPONDENT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
JUSTIN F. BROTHERTON, WATERTOWN, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (Eugene R. Renzi, A.J.), entered September 20, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these consolidated appeals arising from proceedings pursuant to Domestic Relations Law article 5-A and Family Court Act article 6, Lourdes M. DeLeon (mother), the respondent in appeal Nos. 1 and 2 and the petitioner in appeal No. 3, appeals from three orders. The order in appeal No. 1 granted the request of Carlos Colon McKissen (father), the petitioner in appeal Nos. 1 and 2 and the respondent in appeal No. 3, to register a custody and visitation determination issued by a court in the State of Florida (Florida determination). The order in appeal No. 2, inter alia, granted the father's petition seeking, in effect, to modify the Florida determination by awarding him custody of the subject child, with visitation to the mother. The order in appeal No. 3 dismissed the mother's petition seeking, following the entry of an order awarding the father temporary custody of the child, an order, inter alia, resuming the custody and visitation arrangement established by the Florida determination.
At the outset, we note that the mother has not raised any contentions with respect to the order in appeal No. 1, and we therefore dismiss her appeal from that order (see Burns v Grandjean, 210 AD3d 1467, 1470 [4th Dept 2022]).
We reject the mother's contention in appeal Nos. 2 and 3 that Family Court lacked jurisdiction to modify the Florida determination. As relevant here, Domestic Relations Law § 76-b provides that "a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial determination under [section 76 (1) (a) or (b)] and: 1. The court of the other state determines it no longer has exclusive, continuing jurisdiction under [section 76-a] or that a court of this state would be a more convenient forum under [section 76-f]; or 2. A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state."
Thus, the first step in the analysis here is to determine whether a New York court would have jurisdiction to make an initial custody determination under Domestic Relations Law § 76 (1) (a) or (b). For purposes of section 76-b, we conclude that a New York court would have had jurisdiction to make an initial custody determination pursuant to section 76 (1) (a) inasmuch as New York was the "home state of the child on the date of the commencement of the proceeding" [*2](§ 76 [1] [a]). The record establishes that the child had been living in New York for more than six months at the time the father commenced the modification proceeding (see § 75-a [7]).
Next, contrary to the mother's contention, the court had jurisdiction to modify the Florida determination pursuant to Domestic Relations Law § 76-b (2) because neither the child nor the child's parents resided in the State of Florida. It is undisputed that the child and the father were not Florida residents, and the record supports the conclusion that, although the mother was staying in Florida, she maintained her residence in New York (see generally Yaniveth R. v LTD Realty Co., 27 NY3d 186, 192-193 [2016]; Matter of Briggs v Briggs, 171 AD3d 741, 743 [2d Dept 2019]).
Contrary to the mother's further contentions in appeal Nos. 2 and 3, we conclude that the father met his burden of establishing "a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child[ ]" (Matter of Johnson v Johnson [appeal No. 2], 209 AD3d 1314, 1315 [4th Dept 2022] [internal quotation marks omitted]; see Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]), and that the court's custody determination has a sound and substantial basis in the record (see Fox v Fox, 177 AD2d 209, 211-212 [4th Dept 1992]). We have reviewed the mother's remaining contentions in appeal Nos. 2 and 3 and conclude that they are without merit.
Entered: March 17, 2023
Ann Dillon Flynn
Clerk of the Court