■ In the Matter of the Estate of HELEN P. LOVELL, Deceased. SHERI LOVELL O'NEILL, Respondent; MICHAEL BARLOW, Appellant; GEORGE E. WHALEN et al., Respondents. [808 NYS2d 227]—

In a proceeding, inter alia, to revoke letters. testamentary, Michael Barlow appeals from (1) so much of an order of the Surrogate's Court, Dutchess County (Pagones, J.), dated August 26, 2004, as, upon granting the cross petition of the executor George E. Whalen pursuant to SCPA 2107 for advice and direction as to the sale of estate real property, conditionally granted that branch of the petition of Sheri Lovell O'Neill which was to cancel a contract for the sale of the real property to him, and (2) so much of an order of the same court dated December 13, 2004, as, upon granting Sheri Lovell O'Neill's motion to extend her time to purchase the property, directed him to post a security bond in the amount of $50,000.

Ordered that the orders are reversed insofar as appealed from, on the law, and that branch of the petition which was to cancel the contract for the sale of the estate real property to Michael Barlow is denied; and it is further,

Ordered that one bill of costs is awarded to Michael Barlow, payable by the respondents appearing separately and filing separate briefs.

The decedent Helen P. Lovell died in March 2003. Her last will and testament directed that her real property be sold and

the proceeds distributed to her six children, including the petitioner Sheri Lovell O'Neill. In or about February 2004 the executor, George E. Whalen, entered into a contract for the sale of that property with the appellant, Michael Barlow. O'Neill, who previously informed Whalen of her desire to match any purchase offer, petitioned the Surrogate's Court, inter alia, to cancel the contract on the ground that the price obtained was inadequate and not in the best interests of the estate. Whalen cross-petitioned the Surrogate's Court pursuant to SCPA 2107 for advice and direction as to the sale of the property. By order dated August 26, 2004, the Surrogate's Court granted Whalen's cross petition and conditionally granted that branch of O'Neill's petition which sought to cancel the contract between Whalen and Barlow by permitting Whalen to perform the contract with Barlow only if a sale of the property could not be completed to either nonparty Alan Parshley or O'Neill. By order dated December 13, 2004, the Surrogate's Court directed Barlow to post a $50,000 bond. We reverse.

In performing his duty under the express terms of the decedent's last will and testament to sell the decedent's real property, a duty consistent with the general powers granted him as executor pursuant to EPTL 11-1.1 (b) (4), Whalen was required to use good business judgment (*see Matter of Hahn,* 93 AD2d 583 [1983], *affd* 62 NY2d 821 [1984]; *Matter of Tannenbaum,* 20 AD2d 808, *affd* 15 NY2d 829 [1965]; *Matter of Romano,* 8 Misc 3d 1010 [A], 2005 NY Slip Op 51011[U] [2005]; *In re Maratto's Estate,* 138 NYS2d 791; *see also Matter of Newhoff,* 107 AD2d 417 [1985]). To the extent that the contract with Barlow does not meet this standard, the beneficiaries of the estate, including O'Neill, may seek to surcharge Whalen (*see Matter of Hahn, supra; Matter of Cohen,* 13 Misc 2d 694; *Matter of Shurtleff,* 206 Misc 255 [1954]; *In re Maratto's Estate, supra*). To obtain such a surcharge, it is " 'not enough for the contestants to show that the representatives of the estate did not get the highest price obtainable; it must be shown that they acted negligently, and with an absence of diligence and prudence which an ordinary man would exercise in his own affairs' " (*Matter of Shurtleff, supra* at 258-259, quoting *Matter of Brower,* 71 Misc 398, 400 [1911]; *see also Matter of Romano, supra*). The Surrogate's Court erred in effectively cancelling the contract in the absence of evidence, inter alia, of fraud, duress, overreaching, or unconscionability (*see Jablonski v Jablonski,* 275 AD2d 692 [2000]). SCPA 2107 does not empower the Surrogate's Court to substitute its judgment for that of the executor, especially when the executor is exercising a specifically-granted power, and to cancel a contract it deems inadvisable (*see Matter of Wil-*

*liam M. Kline Revocable Trust,* 196 Misc 2d 66, 76 [2003]). Indeed, SCPA 2107 was not even properly invoked, as the record does not demonstrate the required "extraordinary circumstances" needed to warrant relief under that section (*see Matter of Tannenbaum, supra; Matter of Romano, supra; Matter of William M. Kline Revocable Trust, supra; Matter of Osterndorf,* 75 Misc 2d 730; *Matter of McCormack,* 4 Misc 2d 646).

The parties' remaining contentions are either not properly before this Court are without merit. H. Miller, J.P., Cozier, Ritter and Dillon, JJ., concur. [*See* 6 Misc 3d 1028(A), 2004 NY Slip Op 51833(U) (2004).]