In the Matter of VERONICA P., Respondent, v RADCLIFF A., Appellant. [2 NYS3d 799]—Order, Family Court, New York County (Ivy I. Cook, Referee), entered on or about February 4, 2011, which after a hearing, determined that appellant had committed acts that constituted harassment in the second degree (Penal Law § 240.26), and granted petitioner a two-year order of protection directing appellant to, inter alia, stay away from her home, unanimously affirmed, without costs.

A fair preponderance of the evidence (Family Ct Act § 832) supports the referee's finding that appellant committed acts constituting the family offense of harassment in the second degree (see Penal Law § 240.26), warranting the issuance of an order of protection (see Family Ct Act §§ 812 [1]; 842). The evidence demonstrates that, following an argument, appellant pushed petitioner, an 87-year-old woman, and then threatened her, and we find no basis for disturbing the referee's credibility determinations (see Matter of F.B. v W.B., 248 AD2d 119 [1st Dept 1998]).

There is no merit to appellant's claim that the referee improperly assumed the role of advocate for the petitioner. Rather, the referee properly asked questions throughout the proceedings that "advance[d] the goals of truth and clarity" (see People v Arnold, 98 NY2d 63, 68 [2002]). Concur—Tom, J.P., Sweeny, Saxe and Clark, JJ.