*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    520395
_____

In the Matter of HOLLIE L.
    GALLO,
                        Appellant,

          v                              MEMORANDUM AND ORDER

JOSEPH GALLO,
                        Respondent.
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

Randolph V. Kruman, Cortland, for appellant.

Joseph Gallo, Endicott, respondent pro se.

Bridget A. O'Connor, Binghamton, attorney for the child.

_____

Devine, J.

Appeal from an order of the Family Court of Broome County (Pines, J.), entered December 26, 2014, which partially dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of visitation.

Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of a son (born in 2002). The mother has lived in Virginia at all relevant times, while the father resides with the child in Broome County.  Family Court issued an order in 2012 that awarded sole legal and physical custody of the child to the father and visitation to the mother, including two weeks of parenting time during the summer.  The mother commenced this proceeding in 2014 to modify the 2012

order, seeking, among other things, two consecutive weeks of summer visitation with the child at her residence in Virginia, with half of the transportation expenses to be paid by the father. Family Court granted the petition in part after a hearing but, as is relevant here, only directed two non-consecutive weeks of summer visitation to occur near the residence of the child in Broome County. The mother now appeals.

We affirm. The mother initially asserts that Family Court improperly advocated for the pro se father by asking questions to guide his direct testimony, but she failed to preserve this issue by lodging an objection to the questioning (see Matter of Keaghn Y. [Heaven Z.], 84 AD3d 1478, 1480 [2011]; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [2004]). Our review of the record nevertheless gives no reason for concern, as Family Court remained impartial and only questioned the father "to facilitate the orderly and expeditious progress of the [hearing]" (People v Collins, 171 AD2d 670, 671 [1991], lv denied 78 NY2d 964 [1991], lv dismissed 79 NY2d 999 [1992]; accord Matter of Borggreen v Borggreen, 13 AD3d at 757).

Turning to the merits, the breakdown in communication between the parties and the ensuing failure of the mother to avail herself of all the visitation afforded by the 2012 order "constituted a sufficient change in circumstances to trigger an inquiry into whether modification of the existing order was required in order to ensure the child's continued best interests" (Matter of Ryan v Lewis, 135 AD3d 1135, 1136 [2016]; see Matter of Carr v Stebbins, 135 AD3d 1013, 1014 [2016]). The question accordingly becomes what visitation schedule would be in the best interests of the child, and Family Court's "findings in that regard are entitled to great deference unless they lack a sound and substantial basis in the record" (Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]; accord Matter of Wagner v Wagner, 124 AD3d 1154, 1154 [2015]).

The father took no issue with most of the relief sought by the mother, such as granting her access to the child's medical and educational information and visitation on certain holidays. With regard to actual visits, the child has not been to Virginia since 2012, and the mother visited with the child in New York

approximately six times between 2012 and 2014.  The father testified that he encouraged the mother to visit with the child in New York and, indeed, he hosted the mother for several days on a recent visit.[1]  Visitation at the mother's residence in Virginia was a bridge too far for the father, however, as he was unwilling to share in the transportation expenses for those visits and was concerned by the mother's out-of-court statements to him regarding her present living situation.  Family Court gave no weight to the father's unsubstantiated assertions about the mother's lifestyle, but was rightly concerned by the minimal details provided as to the environment the child would encounter were he to stay with the mother in Virginia.  The attorney for the child further reported that the child was uncomfortable with the idea of visiting the mother in Virginia and would prefer that visitation occurred in New York.  In sum, given the paucity of evidence to show that extended visitation in Virginia would be in the child's best interests, and noting the child's disinterest in engaging in that visitation, a sound and substantial basis in the record exists for requiring that the two weeks of visitation occur in Broome County at this juncture (see Matter of Susan LL. v Victor LL., 88 AD3d 1116, 1119 [2011]; cf. Szemansco v Szemansco, 296 AD2d 686, 687 [2002]).

The mother lastly faults Family Court for failing to conduct a Lincoln hearing, but the issue is unpreserved given the absence of any request that Family Court do so (see Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1009 [2016]).  In any event, the child relayed his wishes through his attorney and had no firsthand knowledge of the mother's current living situation, and Family Court did not abuse its discretion in not conducting an unnecessary Lincoln hearing (see Matter of Battin v Battin, 130 AD3d 1265, 1266 [2015]; cf. Matter of Jessica B. v Robert B., 104 AD3d 1077, 1078 [2013]).

---

[1]  The mother testified that travel and lodging expenses were "costly" when she exercised her visitation rights in New York.  It is unclear what lodging expenses she would incur if she stayed with the father, however, and she was admittedly capable of covering her own travel expenses.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court