In the Matter of MARGARET VAN CORTLANDT BILLMYER, Also Known as MARGARET V. BILLMYER, Deceased. RICHARD A. MAHLER, JR., Appellant; ADELPHI UNIVERSITY et al., Respondents, et al., Objectants. [37 NYS3d 330]—

In a probate proceeding in which the executor of the estate of Margaret Van Cortlandt Billmyer, also known as Margaret V. Billmyer, petitioned for the judicial settlement of his account, the executor appeals from an order of the Surrogate's Court, Kings County (Lopez Torres, S.), dated April 14, 2014, which granted the separate motions of the objectants Adelphi University and the Attorney General of the State of New York for summary judgment granting their respective objections to the account which alleged that the executor sold certain real property below fair market value, and surcharging him accordingly, and imposed a surcharge on the executor.

Ordered that the order is affirmed, with one bill of costs.

Richard A. Mahler, Jr., was the executor of the estate of Margaret Van Cortlandt Billmyer, also known as Margaret V. Billmyer (hereinafter the decedent), who owned a brownstone residence on Washington Avenue in Brooklyn. In her will, the decedent named four Lutheran charities and Adelphi University as residuary beneficiaries of her estate. The decedent died on March 31, 2009. According to Mahler's application for preliminary letters testamentary, filed on April 15, 2009, the estate's real property, consisting of the brownstone residence (hereinafter the property), had an approximate value of $1.5 million.

In January 2011, Mahler, as executor of the estate, entered into a contract to sell the property to an acquaintance, Rocco Basile, for the sum of $670,000. The day before the sale closed in April 2011, Basile assigned his rights under the contract of sale to his limited liability corporation, 358 Washington Avenue, LLC (hereinafter the LLC). On April 12, 2011, Mahler, as executor, sold the property to the LLC for the sum of $670,000. On April 15, 2011, the LLC sold the subject property to an unrelated third party for the sum of $1,300,000, pursuant to a contract that the LLC and the third-party buyer had entered into in March 2011.

In July 2012, Mahler filed an amended petition for the judicial settlement of his account. The residuary beneficiaries, along with the Attorney General of the State of New York, who is a necessary party representing beneficiaries of gifts for charitable purposes (hereinafter collectively the objectants), filed objections to Mahler's account. Following depositions, the objectants Adelphi University and the Attorney General separately moved for summary judgment granting their respective objections which alleged that Mahler sold the property below fair market value, and surcharging him accordingly. They contended that Mahler's sale of the property below fair market value constituted a breach of fiduciary duty. In opposition, Mahler argued that the property required extensive structural and cosmetic repairs, and that he sold it for a fair price after obtaining the written consent of the residuary beneficiaries. He had no explanation for how the property resold within three days for almost twice the price paid by the LLC. The Surrogate's Court granted the motions and imposed a surcharge on Mahler in the sum of $630,000, plus 6% interest from April 12, 2011, through the date of remittance.

A fiduciary acting on behalf of an estate is required to employ such diligence and prudence to the care and management of the estate assets and affairs as would prudent persons of discretion and intelligence in their own like affairs (see *Matter of Carbone*, 101 AD3d 866, 868 [2012]; cf. *Matter of Hahn*, 62 NY2d 821, 824 [1984]). "[A] fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect" (*Birnbaum v Birnbaum*, 73 NY2d 461, 466 [1989]; see *Matter of Wallens*, 9 NY3d 117, 122 [2007]; *Matter of Schultz*, 104 AD3d 1146, 1148 [2013]). In performing his fiduciary duty as the executor of the decedent's estate, Mahler was required to use good business judgment (see *Matter of Lovell*, 23 AD3d 386, 387 [2005]). To the extent that the sale of the property does not meet this standard, the beneficiaries of

the estate may seek to surcharge him (*see Matter of Marsh*, 106 AD3d 1009, 1011 [2013]; *Matter of Lovell*, 23 AD3d at 387; *Matter of Pati*, 151 AD2d 1006, 1007 [1989]). "To obtain such a surcharge, it is not enough for the contestants to show that the representatives of the estate did not get the highest price obtainable; it must be shown that they acted negligently, and with an absence of diligence and prudence which an ordinary [person] would exercise in his [or her] own affairs" (*Matter of Lovell*, 23 AD3d at 387 [internal quotation marks omitted]; *see Matter of Donner*, 82 NY2d 574, 585 [1993]; *Matter of Romano*, 8 Misc 3d 1010[A], 2005 NY Slip Op 51011[U] [Sur Ct, Nassau County 2005]; *Matter of Shurtleff*, 206 Misc 255, 258-259 [Sur Ct, St. Lawrence County 1954]; *Matter of Brower*, 71 Misc 398, 400 [Sur Ct, Kings County 1911]).

Here, the objectants offered proof that Mahler, as the executor of the estate, chose a real estate agent based in Staten Island who was not knowledgeable about the Brooklyn real estate market and who did not actively market the property. They also offered proof that Mahler did not obtain an appraisal of the property at the time of the sale or learn the fair market value of comparable neighborhood properties, failed to visit the property for an extended period of time prior to the sale, and did not know how the property was being marketed. He sold the property to the LLC of Basile, an acquaintance, when there was an unrelated third-party buyer willing to buy the property for nearly double the price paid by the LLC. The objectants thereby established, prima facie, that Mahler breached his fiduciary duty and acted negligently with respect to the sale of property. Mahler failed to submit evidence in opposition sufficient to raise a triable issue of fact. Accordingly, the Surrogate's Court properly granted the objectants' separate motions for summary judgment on their respective objections which were based on their claim that Mahler, as executor of the estate, breached his fiduciary duty and was negligent with regard to the sale of the property.

Where a surcharge is imposed for a breach of fiduciary duty, it is a matter within the discretion of the trial court whether to award interest upon the surcharge, and at what rate (*see* CPLR 5001 [a]; *Matter of Janes*, 90 NY2d 41, 55 [1997]; *Matter of Marsh*, 106 AD3d at 1011). Here, the Surrogate's Court providently exercised its discretion in awarding 6% interest on the surcharge upon the proof that three days after Mahler sold the property, it resold for nearly twice the original purchase price (*see Matter of Carbone*, 101 AD3d at 869). Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.