Matter of Robinson v Robinson (2018 NY Slip Op 00673)





Matter of Robinson v Robinson


2018 NY Slip Op 00673


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


78 CAF 17-01433

[*1]IN THE MATTER OF YOLANDA M. ROBINSON, PETITIONER-RESPONDENT,
v
GLENN L. ROBINSON, RESPONDENT-APPELLANT. 






R. BRIAN GOEWEY, ROCHESTER, FOR RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Monroe County (Paul M. Riordan, R.), entered January 30, 2017 in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to stay away from petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent husband appeals from a two-year order of protection entered upon a finding that he committed the family offense of harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1], [3]) against petitioner wife. Respondent failed to preserve for our review his contention that Family Court improperly assumed the role of advocate for petitioner, who appeared pro se, in asking questions to guide her direct testimony (see Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [3d Dept 2016]) and, in any event, the record does not support respondent's contention (see Matter of Veronica P. v Radcliff A., 126 AD3d 492, 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]). Contrary to respondent's further contention, "the court's assessment of the credibility of the witnesses is entitled to great weight, and the court was entitled to credit the testimony of [petitioner] over that of [respondent]" (Matter of Kobel v Holiday, 78 AD3d 1660, 1660 [4th Dept 2010]; see Matter of Fleming v Fleming, 52 AD3d 600, 601 [2d Dept 2008]). The record supports the court's determination that petitioner met her burden of establishing by a preponderance of the evidence that respondent committed the family offense of harassment in the second degree (see Family Ct Act § 812 [1]; Penal Law § 240.26 [1], [3]). We reject respondent's contention that the court erred in failing to conduct a dispositional hearing (see Family Ct Act §§ 833, 835 [a]), inasmuch as the record establishes that respondent waived such a hearing. Finally, we conclude that the duration and conditions of the order of protection are reasonably designed to advance "the purpose of attempting to stop the violence, end the family disruption and obtain protection" (Family Ct Act § 812 [2] [b]; see § 842; Matter of Harrington v Harrington, 63 AD3d 1618, 1619 [4th Dept 2009], lv denied 13 NY3d 705 [2009]).
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court