Matter of Eason v Bowick (2018 NY Slip Op 06641)





Matter of Eason v Bowick


2018 NY Slip Op 06641


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


900 CAF 17-01608

[*1]IN THE MATTER OF TAHJA M. EASON, PETITIONER-APPELLANT,
v
GERROD T. BOWICK, SR., RESPONDENT-RESPONDENT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR PETITIONER-APPELLANT. 
PAUL B. WATKINS, FAIRPORT, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Julie A. Gordon, R.), entered July 18, 2017 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, directed that if petitioner relocates outside of Monroe County, primary physical custody of the subject child shall immediately transfer to respondent. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the third ordering paragraph, and as modified the order is affirmed without costs.
Memorandum: Petitioner mother appeals from an order that, inter alia, denied the mother's relocation petition and directed that the mother not relocate with the subject child outside of Monroe County without court approval or express written consent from respondent father. We conclude that Family Court properly determined that the mother failed to establish by a preponderance of the evidence that it was in the best interests of the child to relocate to North Carolina (see generally Matter of Tropea v Tropea, 87 NY2d 727, 738-741 [1996]).
The mother testified at a hearing on the petition that she had already moved to North Carolina. Her primary motivation for moving was a new job that provided a better salary and benefits and more reasonable hours than her previous job, and provided tuition assistance that would allow her to finish her undergraduate degree in nursing and subsequently pursue a Master's degree. At the time of the trial, however, the mother had resigned from that position. She testified that she would be permitted to reapply for that position and that such application would be given priority, but she provided no additional evidence in support of that claim. Nor did the mother provide additional evidence in support of her claim that a comparable position could not be found within Monroe County (see Matter of Yaddow v Bianco, 115 AD3d 1338, 1339 [4th Dept 2014]). The mother also "failed to establish that the child's life would be enhanced economically, emotionally and educationally by the proposed relocation" (Matter of Shepherd v Stocker, 159 AD3d 1441, 1442 [4th Dept 2018] [internal quotation marks omitted]; see Matter of Hill v Flynn, 125 AD3d 1433, 1434 [4th Dept 2015], lv denied 25 NY3d 910 [2015]). Moreover, the evidence presented at the hearing supports the court's determination that the proposed relocation would have a detrimental impact on the child's relationship with the father (see Shepherd, 159 AD3d at 1442). We therefore conclude that the court's determination to deny the mother's relocation petition has a sound and substantial basis in the record, and we see no reason to disturb it (see Matter of Ramirez v Velazquez, 91 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 802 [2012]).
We reject the mother's contention that the court was biased in favor of the father and improperly acted as his legal advisor. Here, the father appeared pro se throughout the proceedings and, at times, appeared confused with respect to whether he needed merely to oppose the mother's relocation petition, or whether he had the burden of establishing that he should continue to have physical custody of the child, which had been granted to the father [*2]pursuant to a temporary order. During the proceedings, the father made an oral request for custody of the child, and the court told the father that he needed to file a custody petition if he was in fact seeking custody. We conclude that, in so doing, the court did not "improperly assume[] the role of advocate for the [father]" (Matter of Veronica P. v Radcliff A., 126 AD3d 492, 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]), but rather properly sought "to make reasonable efforts to facilitate the ability of [an] unrepresented litigant[] to have [his] matters fairly heard" (22 NYCRR 100.3 [B] [12]).
We agree with the mother, however, that court erred in including a provision in the order that transferred primary physical custody of the child from the mother to the father in the event that the mother relocates outside of Monroe County, and we therefore modify the order accordingly. Such a provision, "while possibly never taking effect, impermissibly purports to alter the parties' custodial arrangement automatically upon the happening of a specified future event without taking into account the child['s] best interests at that time" (Grant v Grant, 101 AD3d 1711, 1712 [4th Dept 2012] [internal quotation marks omitted]; see Matter of Brzozowski v Brzozowski, 30 AD3d 517, 518 [2d Dept 2006]). We reject the mother's further contention that the appropriate remedy for including that provision in an otherwise valid order is vacatur of the order in its entirety (see generally Grant, 101 AD3d at 1712).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court