Matter of Hershberger v Brown (2020 NY Slip Op 04097)





Matter of Hershberger v Brown


2020 NY Slip Op 04097


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, TROUTMAN, AND WINSLOW, JJ.


734 CAF 19-00133

[*1]IN THE MATTER OF CHRISTOPHER HERSHBERGER, PETITIONER-APPELLANT, LOIS ELLEN YOUNG AND ASHLE ALEXANDER, PETITIONERS-RESPONDENTS,
v
LONIETTE BROWN, RESPONDENT-RESPONDENT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (CAROLYN WALTHER OF COUNSEL), FOR PETITIONER-APPELLANT.
TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR RESPONDENT-RESPONDENT. 
ELIZABETH deV. MOELLER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Thomas W. Polito, R.), entered November 8, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole custody of the subject child to petitioner Ashle Alexander. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this custody proceeding pursuant to Family Court Act article 6, petitioner Christopher Hershberger, the subject child's father (father), appeals from an order of Family Court that, inter alia, granted sole custody of the subject child to petitioner Ashle Alexander, the child's adult sister. We affirm for reasons stated in the decision at Family Court and write only to address the contention of the father that the court improperly assumed the role of an advocate and aided Alexander during the hearing. We reject the father's contention that the court improperly allowed Alexander, who appeared pro se, to consult with the attorney for respondent, the subject child's mother. Rather, the record establishes that the court admonished Alexander and respondent's attorney during the two instances when they began to consult, and the consultations ceased.
The father failed to preserve for our review his contentions that the court improperly aided Alexander during her testimony and inappropriately examined the witnesses during the hearing (see Matter of Robinson v Robinson, 158 AD3d 1077, 1077-1078 [4th Dept 2018]; Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [3d Dept 2016]) and, in any event, we conclude that they are without merit. The court's questions during its examination of the witnesses properly " advance[d] the goals of truth and clarity' " (Matter of Veronica P. v Radcliff A., 126 AD3d 492, 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]), and the court made permissible "reasonable efforts to facilitate the ability of unrepresented litigants to have their matters fairly heard" (22 NYCRR 100.3 [B] [12]).
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court