Matter of James D. (Leslie S.) (2021 NY Slip Op 06255)





Matter of James D. (Leslie S.)


2021 NY Slip Op 06255


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, CURRAN, AND DEJOSEPH, JJ.


842 CAF 20-00183

[*1]IN THE MATTER OF JAMES D., PENELOPE D. AND NALA D. OSWEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, PETITIONER-RESPONDENT; LESLIE S., RESPONDENT-APPELLANT.






DAVIS LAW OFFICE PLLC, OSWEGO (STEPHANIE N. DAVIS OF COUNSEL), FOR RESPONDENT-APPELLANT.
JEFFERY G. TOMPKINS, CAMDEN, FOR PETITIONER-RESPONDENT.
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILDREN.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Oswego County (James K. Eby, J.), entered January 3, 2020 in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, terminated the parental rights of respondent with respect to the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order revoking a suspended judgment pursuant to Family Court Act § 633 and terminating her parental rights with respect to the subject children. Family Court had previously granted a suspended judgment for a period of 12 months upon the consent of the parties and the mother's admission of permanent neglect. Near the conclusion of the 12-month period, petitioner filed a petition to revoke the suspended judgment because the mother allegedly violated several of its terms. Following a fact-finding hearing, the court granted the petition, determining that the mother failed to comply with several terms of the suspended judgment and that the termination of her parental rights was in the best interests of the children.
The mother contends that the court erred in failing to conduct a separate dispositional hearing. We reject that contention. "It is well established that a hearing on a petition alleging that the terms of a suspended judgment have been violated is part of the dispositional phase of the permanent neglect proceeding, and that the disposition shall be based on the best interests of the child[ren]" (Matter of Alisa E. [Wendy F.], 114 AD3d 1175, 1176 [4th Dept 2014], lv denied 23 NY3d 901 [2014]; see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019]). We conclude that there was no need for an additional hearing here inasmuch as the court "conducted a lengthy hearing that addressed both the alleged violations of the suspended judgment and the child[ren's] best interests" (Jenna D., 165 AD3d at 1619). We note that "a parent's noncompliance with the terms of [a] suspended judgment constitutes strong evidence that termination of parental rights is in a child's best interests" (Matter of Dominic T.M. [Cassie M.], 169 AD3d 1469, 1470 [4th Dept 2019], lv denied 33 NY3d 902 [2019]).
We also reject the mother's further contention that the court erred in refusing to grant her attorney's request for an adjournment when the mother failed to appear for the third day of the fact-finding hearing. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (Matter of Anthony M., 63 NY2d 270, 283 [1984]; see [*2]Matter of Jazmine M. [Willie R.], 185 AD3d 1457, 1458 [4th Dept 2020], lv denied 36 NY3d 902 [2020]), and we conclude that the court did not abuse its discretion in denying the request for an adjournment here (see Matter of Anastasia R. [Jessica R.], 133 AD3d 605, 605 [2d Dept 2015]; Matter of Tripp, 101 AD3d 1137, 1138-1139 [2d Dept 2012]). The mother failed to preserve for our review her further contention that the court improperly took on the role of an advocate when it examined a witness at the fact-finding hearing about the circumstances of her absence at the hearing (see Matter of Hershberger v Brown, 185 AD3d 1462, 1462-1463 [4th Dept 2020]; Matter of Wright v Perry, 169 AD3d 910, 912 [2d Dept 2019], lv denied 33 NY3d 906 [2019]; Matter of Robinson v Robinson, 158 AD3d 1077, 1077-1078 [4th Dept 2018]). In any event, we conclude that the contention is without merit inasmuch as the court's questions properly " 'advance[d] the goals of truth and clarity' " (Matter of Veronica P. v Radcliff A., 126 AD3d 492, 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015], quoting People v Arnold, 98 NY2d 63, 68 [2002]).
We have reviewed the mother's remaining contentions and conclude that they are without merit.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court