Matter of Blaine (2022 NY Slip Op 05901)

Matter of Blaine

2022 NY Slip Op 05901

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

533495
[*1]In the Matter of the Estate of June F. Blaine, Also Known as June F. Jarvis, Deceased. Hope A. Blaine, as Administrator of the Estate of June F. Blaine, Also Known as June F. Jarvis, Deceased, Respondent; Michael H. Blaine, Appellant.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Michael H. Blaine, Sun City Center, Florida, appellant pro se.
Hope A. Blaine, Plattsburgh, respondent pro se.

McShan, J.
Appeal from a decree of the Surrogate's Court of Clinton County (William A. Favreau, S.), entered May 4, 2021, which granted petitioner's application, in a proceeding pursuant to SCPA article 22, for judicial settlement of the accounting of decedent's estate.
June F. Blaine (hereinafter decedent), died testate in February 2018, survived by her eight adult children (hereinafter collectively referred to as the siblings), including petitioner and respondent. Decedent's eldest daughter, Diane Akey, was appointed by Surrogate's Court as the executor pursuant to decedent's will and, in April 2018, Akey sought to admit decedent's will to probate. Pursuant to decedent's will, beyond a specific bequest of certain real property to one of her children, the "remainder of [decedent's] property and estate, both real and personal," was bequeathed to all of the siblings in equal shares, per stirpes. Relevant to this appeal, decedent's property subject to this bequest included a 2004 Ford Taurus (hereinafter the vehicle) and an 8.6-acre vacant lot located on Lyons Road in the Town of Peru, Clinton County (hereinafter the property).
In September 2018, petitioner requested the issuance of letters of administration c.t.a. after probate (see SCPA 1418). Subsequently, in January 2019, Akey sought to resign as the executor, citing the acrimony that had arisen amongst the siblings over the settling of decedent's modest estate. Akey simultaneously petitioned for an intermediate accounting, which, among other things, denoted that the vehicle was being transferred to one of the siblings for an estimated value of $2,000.[FN1] Respondent opposed Akey's resignation as well as the intermediate accounting, and sought to withdraw his prior consent to petitioner's appointment as administrator. Ultimately, over respondent's objection, Surrogate's Court issued an intermediate decree of judicial settlement and, separately, granted petitioner letters of administration c.t.a.
In July 2020, after listing the property on the Multiple Listing Service, petitioner sold it for $41,500. Accounting for the proceeds from the sale of the estate property, petitioner then commenced this proceeding in September 2020 to judicially settle the account. A one-day virtual hearing was held in January 2021, in which respondent appeared in a self-represented capacity to object to the settlement and examine petitioner (see SCPA 2211 [2]). Respondent primarily contended that his request to subdivide the property at the expense of the estate was not properly considered and that petitioner sold the property for an amount that did not represent its actual value. Respondent also renewed his prior contention that the vehicle was unlawfully transferred to one of the siblings, and that Akey had failed to obtain an accurate valuation of the vehicle prior to the transfer. Surrogate's Court ultimately determined that the actions taken by petitioner were "appropriate and valid in completing the liquidation of the [e[*2]]state assets including
. . . [petitioner's] arm's length sale of the [property]." Specifically, Surrogate's Court determined that subdividing the property into seven parcels would not be feasible given the "unique nature and character of real estate" and that respondent failed to demonstrate that the property was sold for less than fair market value. Accordingly, the court granted the petition to judicially settle the final account and issued a decree to that effect. Respondent appeals, and we affirm.
"Where the beneficiary of an estate has demanded an accounting, the party submitting the account has the burden of proving that he or she has fully accounted for all the assets of the estate" (Matter of Carbone, 101 AD3d 866, 868 [2d Dept 2012] [internal quotation marks and citations omitted]; see Matter of Tract, 284 AD2d 543, 543 [2d Dept 2001]). The party submitting objections "has the initial burden of coming forward with evidence to establish that the amounts set forth are inaccurate or incomplete" (Matter of Robinson, 282 AD2d 607, 607 [2d Dept 2001]; see Matter of Jewett, 145 AD3d 1114, 1115-1116 [3d Dept 2016]). If the objecting party meets that burden, the burden shifts to the fiduciary to establish that the account is accurate and complete (see Matter of Johnson, 166 AD3d 1435, 1436 [3d Dept 2018]; Matter of Jewett, 145 AD3d at 1116).
It is well established that "[a] fiduciary owes a duty of undivided and undiluted loyalty to those whose interests the fiduciary is to protect" (Matter of Shambo, 169 AD3d 1201, 1205 [3d Dept 2019] [internal quotation marks and citations omitted]; see Birnbaum v Birnbaum, 73 NY2d 461, 466 [1989]). In this respect, "[a] fiduciary acting on behalf of an estate is required to employ such diligence and prudence to the care and management of the estate assets and affairs as would prudent persons of discretion and intelligence in their own like affairs" (Matter of Billmyer, 142 AD3d 1000, 1001 [2d Dept 2016]; accord Matter of Shambo, 169 AD3d at 1205). This requires that the fiduciary utilize good business judgment and, to the extent that he or she does not, the beneficiaries of the estate may seek a surcharge (see Matter of Billmyer, 142 AD3d at 1001-1002; see Matter of Jewett, 145 AD3d at 1123). "To obtain such a surcharge, it is not enough for the contestants to show that the representatives of the estate did not get the highest price obtainable; it must be shown that they acted negligently, and with an absence of diligence and prudence which an ordinary [person] would exercise in his [or her] own affairs" (Matter of Lovell, 23 AD3d 386, 387 [2d Dept 2005] [internal quotation marks and citations omitted]; accord Matter of Billmyer, 142 AD3d at 1002; see Matter of Donner, 82 NY2d 574, 585 [1993]). "No precise formula exists for determining whether the prudent person standard has been violated in a particular situation; rather, the determination depends on an examination of the facts and circumstances of each [*3]case" (Matter of Janes, 90 NY2d 41, 50 [1997] [citations omitted]; see Matter of Skelly, 284 AD2d 336, 336 [2d Dept 2001]).
Respondent's primary contention on appeal is that petitioner and Akey breached their fiduciary duty to preserve decedent's estate and did not properly distribute assets in accordance with decedent's will. We disagree. As to the sale of the property, we find that petitioner's determination to forego subdivision in accordance with respondent's demand was not a breach of her fiduciary duty. The record demonstrates that petitioner gave the appropriate consideration to respondent's request to subdivide the property, which he insisted be done at the expense of the estate, and his accompanying request to receive a plot with 150 feet of road frontage in the center of the property. However, after discussing with counsel to the estate what the expenses associated with subdivision of the property would amount to, and considering the amount of funds that the estate had on hand at that time alongside the overall value of the estate, petitioner acted prudently in determining that subdivision would be cost prohibitive. Contrary to respondent's contention, petitioner was not obligated to provide respondent a subdivided portion of the property as opposed to the proceeds from a sale (see EPTL 11-1.1 [b] [5] [B]; see generally Matter of Lovell, 23 AD3d at 387). Moreover, the valuations submitted by respondent fail to establish that petitioner's decision to sell the property was negligent or that it was undertaken in the absence of diligence (see Matter of Robinson, 282 AD2d at 608; Matter of Holmberg, 206 AD2d 479, 480 [2d Dept 1994]; Matter of Atkinson, 148 AD2d 839, 841 [3d Dept 1989]; compare Matter of Shambo, 169 AD3d at 1205; Matter of Braasch, 140 AD3d 1341, 1342-1343 [3d Dept 2016]).
Similarly, we find no breach of fiduciary duty arising from the disposition of the vehicle. While respondent accurately notes that the valuation used at the time the vehicle was distributed utilized an incorrect mileage figure, respondent's submissions fail to support his assertion that the vehicle would have fetched an amount that exceeded the $2,000 valuation used by Akey (compare Matter of Billmyer, 142 AD3d at 1002). Moreover, we discern no error in Surrogate's Court's decision to order the recipient of the vehicle to reimburse $540.52 to the estate in order to ensure a just result (see Matter of Polsinelli, 111 AD3d 1131, 1133 [3d Dept 2013]; see also Matter of Schnare, 191 AD2d 859, 861 [3d Dept 1993], lv denied 82 NY2d 653 [1993]).
As to respondent's argument that the Surrogate failed to maintain independence and improperly interjected during the proceedings, such contention is unpreserved owing to his failure to object to the perceived "interruption[s]" during the hearing (see Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [3d Dept 2016]). In any event, the transcript reveals that the court "remained impartial and only questioned [petitioner] to [*4]facilitate the orderly and expeditious progress of the hearing" (id. [internal quotation marks, brackets and citation omitted]; see Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [3d Dept 2004]). Further, we find that respondent's request for the surrender of counsel fees is similarly unpreserved (see Matter of Rockefeller, 44 AD3d 1170, 1172 n [3d Dept 2007]; see also Matter of Collins, 36 AD3d 1191, 1193 [3d Dept 2007]) and, in any event, without merit(see Matter of Piterniak, 38 AD3d 780, 781 [2d Dept 2007]).
To the extent that respondent's remaining contentions have not been addressed herein, they have been considered and found to be unavailing.
Lynch, J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decree is affirmed, without costs.

Footnotes

Footnote 1: The sibling renounced his interest in the remainder of the estate in exchange for the vehicle.