Matter of Torres v Burchell (2024 NY Slip Op 03266)

Matter of Torres v Burchell

2024 NY Slip Op 03266

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

279 CAF 22-02002

[*1]IN THE MATTER OF TREVOR TORRES, PETITIONER-RESPONDENT,
v
NICOLETTE BURCHELL, RESPONDENT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Jefferson County (James Eby, R.), entered November 10, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded petitioner father sole legal and physical custody of the subject child. We affirm.
Initially, we conclude that the mother "failed to preserve for our review her contention that the father failed to establish a change of circumstances warranting review of the prior order" (Matter of Tisdale v Anderson, 100 AD3d 1517, 1517 [4th Dept 2012] [internal quotation marks omitted]). In any event, that contention lacks merit because the father met his burden of establishing "a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child[ ]" (Matter of Johnson v Johnson [appeal No. 2], 209 AD3d 1314, 1315 [4th Dept 2022] [internal quotation marks omitted]). The evidence at the hearing established that the parties' relationship had become acrimonious and they were unable to communicate effectively about the needs and activities of their child (see id. at 1315-1316).
Contrary to the mother's further contention, Family Court's determination to award sole legal and primary physical custody to the father has a sound and substantial basis in the record (see Matter of Torres v Torres, 211 AD3d 1597, 1598 [4th Dept 2022]). "The court's determination following a hearing that the best interests of the child would be served by such an award is entitled to great deference . . . , particularly in view of the hearing court's superior ability to evaluate the character and credibility of the witnesses . . . We will not disturb that determination inasmuch as the record establishes that it is the product of the court's careful weighing of [the] appropriate factors" (Matter of Timothy MYC v Wagner, 151 AD3d 1731, 1732 [4th Dept 2017] [internal quotation marks omitted]).
The mother failed to preserve for our review her contention that the court improperly assumed the role of advocate, depriving her of a fair trial (see Matter of Robinson v Robinson, 158 AD3d 1077, 1077-1078 [4th Dept 2018]; Matter of Gallo v Gallo, 138 AD3d 1189, 1190 [3d Dept 2016]) and, in any event, the record does not support her contention (see Robinson, 158 AD3d at 1078; Matter of Veronica P. v Radcliff A., 126 AD3d 492, 492 [1st Dept 2015], lv denied 25 NY3d 911 [2015]).
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court