Matter of Sky F.-M.J. (Angelica J.) (2025 NY Slip Op 03462)

Matter of Sky F.-M.J. (Angelica J.)

2025 NY Slip Op 03462

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND HANNAH, JJ.

409 CAF 24-00223

[*1]IN THE MATTER OF SKY F.-M.J. MONROE COUNTY DEPARTMENT OF HUMAN SERVICES, PETITIONER-RESPONDENT; ANGELICA J., RESPONDENT-APPELLANT. AMANDA L. DARBY, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

SARAH S. HOLT, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-APPELLANT. 
AMANDA L. DARBY, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE. 
 

 Appeals from an order of the Family Court, Monroe County (Alecia J. Mazzo, J.), entered January 9, 2024, in a proceeding pursuant to Social Services Law § 384-b. The order, inter alia, revoked a suspended judgment and terminated the parental rights of respondent with respect to the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Social Services Law § 384-b, respondent mother and the Attorney for the Child (AFC) appeal from an order by which Family Court, inter alia, revoked a suspended judgment, entered upon, inter alia, the admission of the mother that she had permanently neglected the subject child, and terminated the mother's parental rights with respect to that child. We affirm.
The mother and the AFC contend that the court erred in refusing to extend the suspended judgment (see Family Ct Act § 633 [b]). We reject that contention because we conclude that the mother "failed to demonstrate that 'exceptional circumstances' required extension of the suspended judgment" (Matter of Cornelius L.N. [Cornelius N.], 117 AD3d 1487, 1487 [4th Dept 2014], lv denied 24 NY3d 901 [2014]; see Family Ct Act § 633 [b]; Matter of Lestariyah A. [Demetrious L.], 89 AD3d 1420, 1420-1421 [4th Dept 2011]; see generally Matter of Emily A. [Gina A.], 129 AD3d 1473, 1475 [4th Dept 2015]).
We also reject the contention of the mother and the AFC that there is not a sound and substantial basis in the record for the court's determination that termination of the mother's parental rights is in the best interests of the subject child. Here, the mother concedes that the record supports the finding that she failed to comply with the terms of the suspended judgment. Although it is not dispositive, "a parent's noncompliance with the terms of [a] suspended judgment constitutes strong evidence that termination of parental rights is in a child's best interests" (Matter of James D. [Leslie S.], 199 AD3d 1375, 1376 [4th Dept 2021] [internal quotation marks omitted]). Moreover, additional factors also support the conclusion that the court's determination is in the best interests of the child. Here, the court considered that the child had been in the same preadoptive foster care placement for the majority of her life, that the mother had repeatedly canceled visits due to a perceived lack of safety in her home, that the mother had not been able to hold steady employment or housing, and that the mother had not [*2]made significant progress in her mental health treatment. Additionally, the child's foster mother had already been facilitating sibling visits at her home and she testified that those visits would continue. Thus, a preponderance of the evidence supports the court's determination that it is in the child's best interests to terminate the mother's parental rights (see Matter of Jenna D. [Paula D.], 165 AD3d 1617, 1619 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Mikel B. [Carlos B.], 115 AD3d 1348, 1349 [4th Dept 2014]).
Further, contrary to the contention of the mother and the AFC, this is not a case in which new facts and allegations warrant remittal for a new dispositional hearing. "We may consider . . . new facts and allegations 'to the extent [that] they indicate that the record before us is no longer sufficient' to determine" the child's best interests (Matter of Gena S. [Karen M.], 101 AD3d 1593, 1595 [4th Dept 2012], lv dismissed in part & denied in part 21 NY3d 975 [2013]; see also Matter of Noah C. [Greg C.], 225 AD3d 1178, 1179-1180 [4th Dept 2024]). Here, the mother and the AFC contend that reports after the entry of the order on appeal call into question whether the child's foster mother will adopt the child. However, the most recent permanency report indicates that the child's placement remains preadoptive. Thus, we conclude that the record remains sufficient to determine that termination of the mother's parental rights is in the child's best interests (cf. Noah C., 225 AD3d at 1179; Matter of Shad S. [Amy C.Y.], 67 AD3d 1359, 1360 [4th Dept 2009]).
We next reject the contention of the mother and the AFC that the court abused its discretion when it denied the AFC's request for an adjournment to review discovery. "The granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (James D., 199 AD3d at 1376-1377 [internal quotation marks omitted]). It is generally not an abuse of discretion for a court to deny an adjournment request if the party requesting the adjournment "fail[s] to demonstrate that the need for the adjournment . . . was not based on a lack of due diligence on the part of [that party] or [their] attorney" (Matter of Latonia W. [Anthony W.], 144 AD3d 1692, 1693 [4th Dept 2016], lv denied 28 NY3d 914 [2017]). Here, the AFC did not demonstrate that the basis for her adjournment request was not based on a lack of due diligence, inasmuch as the ongoing obligation of the prior Family Court Act § 1038 (b) demand had long expired and the AFC failed to make a new demand.
The contention of the mother and the AFC that the mother's right to a hearing before an impartial factfinder was violated because the court displayed bias by predetermining the outcome of her case is unpreserved for our review inasmuch as no party filed a motion for the court to recuse (see Matter of Anthony J. [Siobvan M.], 224 AD3d 1319, 1319 [4th Dept 2024]; Matter of Tartaglia v Tartaglia, 188 AD3d 1754, 1756 [4th Dept 2020]; Matter of Chromczak v Salek, 173 AD3d 1750, 1750 [4th Dept 2019]).
The AFC's contention that the court violated the child's Fourteenth Amendment rights when it terminated the mother's parental rights with respect to the subject child but allowed one of her siblings to remain in the mother's care is also unpreserved for our review inasmuch as the contention is raised for the first time on appeal (see Matter of Alexander G.R. [Kristin G.P.], 192 AD3d 1501, 1501 [4th Dept 2021]; see generally Matter of Mary R.F. [Angela I.], 144 AD3d 1493, 1494 [4th Dept 2016], lv denied 28 NY3d 915 [2017]).
We have reviewed the remaining contentions of the mother and the AFC and conclude that none warrants reversal or modification of the order.
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court