■ In the Matter of DIANE M. SWIFT, Appellant, v CHRISTOPHER C. SWIFT, Respondent.—Levine, J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered October 4, 1989, which, in a proceeding pursuant to Family Court Act article 6, granted respondent unsupervised visitation with the children of the parties.

The parties to this visitation dispute are the parents of two children, Sarah, born in 1985 and Michael, who was born in late 1988. The parties had experienced matrimonial conflicts for several years. After an initial separation, they reconciled for a time, during which the younger child was conceived. They separated permanently in June 1988 when respondent left the marital residence and started divorce proceedings which were ultimately concluded by dissolution of the marriage in April 1989. Following the parties' final separation, petitioner obtained an order granting her custody of the children and support and maintenance. Over petitioner's opposition, respondent was granted liberal visitation rights, including alternative overnight weekend visitation.

According to petitioner, Sarah revealed to her for the first time in late July 1988 that respondent touched her and hurt her in her genital area during visitation. In the next two succeeding months, the child described to petitioner having her genitalia fondled and subjected to digital penetration by respondent. Petitioner reported this to the State Child Abuse Hotline (hereinafter Hotline). However, after investigation, the report was deemed unfounded. Subsequently, respondent applied for joint custody and expanded visitation. Petitioner then petitioned for termination of visitation on the ground of respondent's sexual abuse of Sarah and made a second report to the Hotline. Family Court made a separate order in February 1989, imposing as a condition of continued alternate weekend visitation with Sarah that it be supervised by the child's paternal grandmother.

In March 1989, after the second Hotline sexual abuse report was determined to be unfounded, respondent petitioned for restoration of his unsupervised visitation rights and also reserved the right to seek custody in view of his recent remarriage. Shortly thereafter, petitioner again reported an incident of sexual abuse by respondent which allegedly occurred during visitation at the paternal grandmother's home in Pennsylvania.

At the evidentiary hearing before Family Court, petitioner's evidence consisted of her own description of Sarah's statements of being sexually touched by respondent and the expert testimony of a certified social worker with the Broome County Family and Children's Society corroborating the child's hearsay statements by "validation evidence", i.e., a determination by means of various interview techniques, including the use of anatomically correct dolls, and review of personal and family history, that the child's story represents the truth *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121).

Respondent testified, denying that he had sexually abused the child and describing a history of his former wife's bitter hostility and resistance to his contact with the children. His mother and his present wife also testified and resolutely insisted that the supervised visitation order was complied with, thus demonstrating that respondent had no opportunity whatsoever to sexually abuse Sarah after that order was granted. A clinical psychiatrist also testified on behalf of respondent regarding his examination and evaluation of him and his views on child sexual abuse validation procedures.

Family Court rendered a written decision finding that petitioner had failed to sustain her burden of proof that respondent ever committed acts of sexual abuse upon his daughter. This appeal by petitioner, joined in by the court-appointed Law Guardian, followed.

We affirm. There being no physical evidence of abuse, this case turns almost completely on questions of credibility, wherein Family Court's superior vantage point by virtue of being able to hear and observe the witnesses requires great deference by an appellate court *(see, Matter of Barrows v Benjamin,* 141 AD2d 977, 978). Here, after full review of the trial testimony, we find no reason to overturn Family Court's specific crediting of the testimony of respondent, his present wife and his mother. As to the court's rejection of the validation evidence, the holding that such evidence may be sufficient to corroborate a child victim's hearsay statements of abuse

does not require uncritical acceptance of such evidence. As stated in *Matter of Nicole V. (supra,* at 119), Family Court Judges still "have considerable discretion to decide whether the child's out-of-court statements * * * have, in fact, been reliably corroborated and whether the record as a whole supports a finding of abuse".

There was a sufficient basis in the record and reasonable grounds were expressed in Family Court's decision not to accept the validation evidence. This included the clear showing of petitioner's strong motivation to influence Sarah and Sarah's perceptions, a degree of inexperience with children as young as Sarah on the part of the social worker conducting the validation, the likely inaccuracy of the third report of abuse, which was very fact specific that the child's complaint was of an act during supervised visitation, and the testimony of respondent's expert that there is a greater risk of the skewing of validation test results when the report of sexual abuse occurs in the context of a hotly contested custody and visitation litigation. As to the weighing of expert testimony, some deference is also accorded the trial court *(see, Cusa v State of New York,* 151 AD2d 847, 849).

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.