■ In the Matter of MIRANDA UU., Alleged to be an Abused Child. RAYMOND P. CASE, as Commissioner of the Tioga County Department of Social Services, Appellant; STEPHEN UU., Respondent.—Levine, J. Appeal from an order of the Family Court of Tioga County (Siedlecki, J.), entered August 4, 1989, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Miranda UU., the infant involved in this Family Court Act article 10 proceeding alleged to be sexually abused, is the product of the second marriage of both her mother and respondent. Miranda's mother and respondent married in 1982. In addition to Miranda, who was born in 1982, they had a second child in 1985. Initially, the family unit included respondent's teen-age son from his prior marriage and the mother's teen-age daughter and son from her prior marriage (hereinafter referred to as respondent's stepdaughter and stepson). In 1985, however, it was discovered that respondent's son had sexually molested Miranda, as well as respondent's stepdaughter and stepson, and respondent's son was removed from the household.

In November 1986, Miranda told her mother that she had seen sexual activity between respondent and his stepdaughter. This was reported over the hotline of the State's Child Maltreatment Central Registry but, after investigation, the report was determined to be unfounded. Then, in July 1987, Miranda's mother telephoned the hotline and reported the sexual abuse of Miranda by respondent. The report was based on Miranda's statement that, several weeks earlier, while she was outside with a playmate, respondent dismissed the playmate, took Miranda over by a boat trailer on their property, digitally penetrated her vagina, exposed himself and then urinated over her genital area. Miranda also related that she had seen respondent molesting his stepdaughter and stepson. Respondent was interrogated at length by an investigator from the Sheriff's Department, during which he did not un-

equivocally deny the accusation but stated that he had no recollection and may have "blacked out". In September 1987, respondent wrote a letter to his wife seeking reconciliation, expressing his understanding of her hostility and stating that he hated himself "for what I *[sic]* done to my family[,] to the ones I love and the ones that love and trusted me". The petition charging sexual abuse of Miranda was filed that October.

At the fact-finding hearing, the child's statements were introduced into evidence through her mother, a Tioga County Department of Social Services child protective caseworker and a psychiatric social worker who was the child's therapist. Additionally, validation evidence was introduced to corroborate the statements *(see, Matter of Nicole V.,* 71 NY2d 112, 120-121). Respondent testified and denied committing any sexual acts against his daughter. The defense also called respondent's stepdaughter and two clinical psychologists (one of whom had been respondent's therapist) as witnesses. Respondent's stepdaughter denied absolutely that he had ever made any sexual advances toward her. Respondent's therapist described respondent as having a passive, dependent personality, characteristically eager to accommodate and be responsive to others under pressure, which explained his equivocations and near admissions in answering the questions of the police investigator and in communicating to his wife. The therapist also expressed a disbelief that respondent committed any sexual abuse of his daughter. The second psychologist examined respondent and performed psychological testing. He .confirmed the opinions of respondent's therapist.

Following the conclusion of the hearing, Family Court dismissed the petition, finding that petitioner failed to establish by a fair preponderance of the evidence that respondent sexually abused Miranda. This appeal followed.

We affirm. Although petitioner is correct in asserting that evidence was submitted which, if credited, could have sustained a finding of sexual abuse, we cannot say that Family Court erred in *weighing* the evidence to reach the conclusion that the proof did not preponderate in petitioner's favor. There was no physical evidence of recent child abuse disclosed in the medical examination of Miranda. As the validator pointed out in her written report, the case "present[ed] a complex assessment situation" because of the uncontested fact that Miranda had been sexually molested by her teen-age half-brother some two years earlier. Among the complications thereby presented were that several of the behavioral symp-

toms indicative of sexual abuse, such as the child's bowel and bladder incontinency, were exhibited prior to any alleged acts of respondent, and other manifestations, such as the child's undue sexual awareness, were equally explainable as a product of the earlier abuse. A further weakness of petitioner's proof was the doubts cast on the credibility of Miranda's statements. As noted by Family Court, it was highly improbable that the abuse set forth in the petition (based upon Miranda's description) would have been risked by respondent or gone undetected if it had occurred. In addition, Miranda's statement that she saw sexual molestation of respondent's stepdaughter was emphatically contradicted by that youngster. Finally, the expert opinion of the validator was implicitly, if not directly, controverted by the opinions of at least equally qualified mental health professionals who testified on respondent's behalf.

Thus, just as in *Matter of Swift v Swift* (162 AD2d 784), involving similar charges of sexual abuse of an infant child by a parent, this case turns on issues of credibility, including that of the accused parent and of the opinions of experts. While the validation evidence here was legally sufficient to corroborate Miranda's out-of-court statements, on the basis of the record as a whole, Family Court was not compelled to credit its reliability as a matter of law *(see, Matter of Nicole V.,* 71 NY2d 112, 119, *supra).* Under all the circumstances, Family Court had cogent reasons for concluding that petitioner's burden of persuasion was not satisfied, and this conclusion is entitled to deference by an appellate court *(see, Matter of Swift v Swift, supra).* We note also that we have examined the Law Guardian's report and find petitioner's objections thereto without merit.

Order affirmed, with costs. Mahoney, P. J., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.