■ In the Matter of MARY ANN B., Appellant, v STEPHEN B., Respondent. [597 NYS2d 208] —Appeal from an amended order of the Family Court of Tioga County (Callanan, Sr., J.), entered December 9, 1991, which, *inter alia,* dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 6, to suspend respondent's visitation rights with the parties' children.

Contrary to petitioner's contention, we find no error in Family Court's determination that she failed to sustain her burden of proving that respondent was sexually abusing their two children (see, Matter of Miranda UU., 168 AD2d 704). Although petitioner's physician testified that the children had been sexually abused, he admitted that he could not say when it had occurred or how recent it was. He also admitted that he could not indicate who was responsible for the abuse. The psychologist who had regularly been treating the children testified that although he made a hotline child abuse report, he did so only after consulting with petitioner's physician and would never have made the report based solely on his own interviews with the children. In addition, there was no direct information from the children themselves. A criminal investigator testified that after talking with the children and respondent, it was his opinion that any charges of sexual abuse against respondent were "unfounded".

This case turns primarily on issues of credibility and, as we have stated, "Family Court's superior vantage point by virtue of being able to hear and observe the witnesses requires great deference by an appellate court" (Matter of Swift v Swift, 162 AD2d 784, 785; see, Matter of Miranda UU., supra). We also take note of the fact that the court-appointed Law Guardian stated that his own observations of the children "were similar to that of * * * the [criminal] investigator". He concluded that not only should respondent's visitation with the children continue, but that it should also be for longer periods (see, Twersky v Twersky, 103 AD2d 775). Based upon the record before us, we find no reason to overturn Family Court's refusal to terminate respondent's visitation rights or its decision to expand those rights (see, Matter of Swift v Swift, supra). Petitioner's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the amended order is affirmed, without costs.