■ In the Matter of ERINN G. et al., Children Alleged to be Abused and Neglected. TIOGA COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; KYLE G., Respondent. [672 NYS2d 445] —Mercure, J. Appeal from an order of the Family Court of Tioga County (Callanan, Sr., J.), entered August 5, 1997, which partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, and adjudicated respondent's children to be neglected.

On this appeal, petitioner challenges Family Court's determination rejecting the hearing testimony of Erinn G. concerning respondent's alleged commission of certain acts of sexual

abuse and also the validation evidence presented by expert witness Sarah Walsh, and dismissing so much of the petition as charged respondent with abuse based upon petitioner's failure to establish its case by a preponderance of the credible evidence. There having been no physical evidence of abuse, the case turns almost entirely on issues of credibility. Giving due deference to Family Court's credibility determinations, which are to be given great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, Matter of Kathleen OO.*, 232 AD2d 784, 785; *Matter of Esther CC.*, 194 AD2d 949, 951; *Matter of Joey T.*, 185 AD2d 851), we are unpersuaded that Family Court erred. We accordingly affirm.

The evidence adduced at the fact-finding hearing supported a finding that Erinn had a history of prevarication and, in fact, had already engaged in a certain amount of sexual fantasy concerning her activities with boys in her school. In addition, there was evidence that, after initially claiming that respondent had actually penetrated her vagina and rectum, Erinn later changed her story, claiming that respondent had merely rubbed his genitals against those areas of her body. Her explanation for the inconsistency, that she did not understand the term "intercourse", was belied by her age (nearly 15 at the time of the accusations), the fact that she had received several years of sex education and the fact that the interviewing school counselor specifically advised Erinn on the meaning of the term. Finally, it is undisputed that Erinn made no effort to correct a friend's patently false accusation of sexual abuse against respondent.

There was also a reasonable basis for Family Court's conclusion that Erinn's testimony had not been "reliably corroborated" by Walsh's expert opinion (*see, Matter of Nicole V.*, 71 NY2d 112, 119). Notably, the bases for certain of Walsh's underlying criteria were severely eroded at trial. First, Walsh's "consistency" factor failed to account for the fact that Erinn gave inconsistent accounts of the claimed incidents. Second, Walsh attributed some significance to the fact that Erinn harbored no apparent ill-will against her father, whereas those making false accusations tend to express very strong feelings such as "I hate him or I hate her". In fact, Erinn's teaching aide testified that Erinn was "very angry" with her father and "hated him". Perhaps most serious, Walsh's analysis failed to give any effect to the fact that Erinn, who was adopted by respondent and his wife when she was approximately six years old, had been sexually abused by her biological parents (*compare, Matter of Miranda UU.*, 168 AD2d 704, 705-706).

Under the circumstances, Family Court was free to critically review Walsh's opinion and its underlying bases and to reject the conclusions reached as an exercise of its fact-finding authority (*see, Matter of Orange County Dept. of Social Servs. [Frank T.]*, 215 AD2d 562; *Matter of Miranda UU., supra; Matter of Swift v Swift*, 162 AD2d 784, 785-786).

Mikoll, J. P., Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.