In the Matter of DEBRA BORGGREEN, Petitioner, v MINDI L. BORGGREEN, Appellant, and MICHAEL S. HARABET, Respondent. (And Another Related Proceeding.) [785 NYS2d 792]—

Cardona, P.J. Appeal from an order of the Family Court of Otsego County (Coccoma, J.), entered September 22, 2003, which, inter alia, granted respondent Michael S. Harabet's application, in two proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody.

Respondent Mindi L. Borggreen (hereinafter the mother) and respondent Michael S. Harabet (hereinafter the father) are the parents of a son (born in 1994) and a daughter (born in 1999). In July 2000, by agreement, the mother was awarded custody of the children and the father visitation. In August 2002, when the mother could no longer afford to pay rent, she and the children began residing with the maternal grandparents. The mother

subsequently moved out and, in March 2003, signed a custody agreement setting forth, among other things, that the grandparents would retain physical custody of the children until, in their "sole decision," the mother was able to provide suitable living arrangements and demonstrate an ability to physically care for the children. Two months later, however, the mother removed the children from the grandparents' home, prompting petitioner, the grandmother, to commence a custody proceeding in Family Court. By order entered in July 2003, Family Court granted the grandmother's request for temporary custody pending a fact-finding hearing. Thereafter, each parent filed separate petitions seeking custody. On September 8, 2003, the petitions were jointly tried. At the close of proof, with the grandmother's consent, her petition was dismissed in favor of the father's petition. Family Court awarded custody of the children to the father and visitation to the mother, prompting this appeal.

Initially, we find that the mother's contention that she did not receive adequate notice of the father's petition was not preserved for our review by an objection during the proceeding (*see* Family Ct Act § 1118; CPLR 5501 [a] [3]; *Matter of Gordon L. v Michelle M.,* 296 AD2d 628, 630 [2002]) and, in any event, we find the contention lacks merit. Moreover, to the extent that late service raises any question regarding personal jurisdiction, we note that by affirmatively seeking custody and participating in the hearing, the mother waived any claim that Family Court did not acquire jurisdiction over her (*see Matter of Brozzo v Brozzo,* 192 AD2d 878, 880 [1993]).

Next, the mother argues that Family Court's participation in the questioning of witnesses denied her a fair trial. Since she failed to object at the time of the questioning, the issue has not been preserved for our review (*see Glencoe Leather Corp. v Parillo,* 285 AD2d 891, 892 [2001]). In any event, we find the questioning, limited primarily to the grandmother and the father who appeared pro se, was proper inasmuch as it was intended "to clarify confusing testimony . . . and to facilitate the orderly and expeditious progress of the [hearing]" (*People v Collins,* 171 AD2d 670, 671 [1991], *lv denied* 78 NY2d 964 [1991], *lv dismissed* 79 NY2d 999 [1992]; *see Matter of Krista I. v Gregory I.,* 8 AD3d 696, 699 [2004]; *Matter of Eshale O.,* 260 AD2d 964, 964 [1999]).

Turning to the merits, to modify a preexisting custody arrangement, a petitioner must show "a change in circumstances which reflects a definite need for modification to ensure the best interests of the children" (*Matter of Thompson v Thompson,* 267 AD2d 516, 517 [1999]; *see Matter of Meyer v Rudinger,* 285

AD2d 714, 715 [2001]). The evidence adduced at the fact-finding hearing reveals that since the original order awarding custody to her, the mother has exhibited poor judgment and has lacked insight into the children's needs. Notably, after placing the children in the grandparents' custody, she became embroiled in criminal activity involving bad checks and spent four weekends in jail. Her visitation was sporadic and, according to the grandmother, she only saw the children "when she felt like it." Thereafter, she made the abrupt decision to remove the children from the stability of their grandparents' home without having suitable housing or any immediate plans for schooling for the parties' son. When coupled with the mother's statement that the grandparents would not see the children again, the removal alone constituted a significant changed circumstance and reflected her inability to properly provide for the children's intellectual and emotional development. Significantly, at the hearing, when asked if she would continue the children's visitation with the grandparents if custody were returned to her, she indicated that she would make no effort to do so and intimated that the children would have visitation with their grandparents only through their father. In our view, this attitude exhibited little understanding of, or empathy for, the children's emotional needs.

There was also testimony that, while in the mother's custody, their son may have been involved in inappropriate touching of his younger sister and another child. Although the mother initially took their son to a professional for treatment, she testified that she discontinued the sessions because she and the then nine-year-old "were trying to figure out what would be in [his] best interest." Under all the circumstances herein, her indecisiveness showed a clear lapse in parental judgment.

Examining the father's fitness as a parent, we note that he visited regularly with the children both before they were removed from their grandparents' custody and after they were returned. Significantly, the father acknowledged the need for continuing offender treatment for their son and counseling for their daughter. With the grandparents' support, that process had already begun. He further stated that he and his wife would provide supervision of the children and, thus, a more stable home environment for them.

The father also expressed concern that his relationship with the children would be adversely affected by awarding custody to the mother because of past difficulties encountered in exercising visitation. For example, the mother stopped his visitation when he voiced his belief that their son was touching their daughter

inappropriately, a concern that the mother did not share at the time. On the other hand, the father indicated that he enjoyed liberal visitation with the children when they lived with their grandparents. He also acknowledged the importance of the grandparents' continued involvement in the children's lives. Finally, he expressed a willingness to facilitate the mother's continued access to the children. Viewing the totality of the circumstances (see *Friederwitzer v Friederwitzer*, 55 NY2d 89, 95-96 [1982]), we find that the record amply demonstrates a sufficient change in circumstances to support Family Court's decision to modify the prior custody order and, further, that the award of custody to the father serves the children's best interests.

We have considered the mother's remaining contentions and find that they lack merit.

Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.