*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 4, 2014                516683
_____

In the Matter of JILLIAN R.
    CARR,
                    Respondent,

        v                                  MEMORANDUM AND ORDER

KANE A. STEBBINS,
                    Appellant.
_____

Calendar Date:  October 6, 2014

Before:  Lahtinen, J.P., McCarthy, Egan Jr., Devine and
         Clark, JJ.

                        _____

        Emily Karr Cook, Elmira, for appellant.

        Abbie Goldbas, Utica, for respondent.

        Pamela D. Gee, Elmira, attorney for the child.

                        _____

McCarthy, J.

        Appeal from an order of the Family Court of Chemung County
(Forrest, J.), entered July 31, 2012, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article 6,
for custody of the parties' child.

        After petitioner (hereinafter the mother) and respondent
(hereinafter the father) ceased living together, the mother
sought custody of their son (born in 2011).  Following a hearing,
Family Court ordered joint legal custody, primary physical
placement to the mother, unsupervised visitation to the father
during certain hours each Saturday, Monday and Tuesday and that
the child not be left in the exclusive care of the father's

paramour.  The father appeals.

Family Court did not err in awarding primary physical custody to the mother.  We grant deference to the hearing court's credibility determination, which here was in favor of the mother for all contested facts (see Matter of Melissa WW. v Conley XX., 88 AD3d 1199, 1200 [2011], lv denied 18 NY3d 803 [2012]; Matter of Opalka v Skinner, 81 AD3d 1005, 1006 [2011]).  The mother had always been the child's primary caretaker and had a stable home with extended family.  The father had sometimes placed his own interests ahead of spending time with his children, and he exhibited some anger issues.  Although both parents exhibited some flaws, Family Court provided sufficient findings of fact, and the record contains a sound and substantial basis to support the award of custody to the mother as being in the child's best interests (see Musacchio v Musacchio, 107 AD3d 1326, 1328-1329 [2013]; Helm v Helm, 92 AD3d 1164, 1166-1167 [2012]).  Considering Family Court's wide discretion in creating an appropriate visitation schedule (see Musacchio v Musacchio, 107 AD3d at 1328-1329; Matter of Opalka v Skinner, 81 AD3d at 1008), and testimony concerning the father yelling at the infant child and at least one angry outburst at the child when he awoke crying during the night, we will not disturb Family Court's determination denying the father overnight visitation at that time (see Matter of Troy SS. v Judy UU., 69 AD3d 1128, 1133 [2010], lv dismissed and denied 14 NY3d 912 [2010]).

Family Court did not abuse its discretion in the portion of its order regarding the father's paramour.  The evidence showed that the father's relationship with his paramour was on and off and she was only 20 years of age, while he was 37.  Her maturity and judgment were called into question due to her standing in front of the father's vehicle on one occasion to prevent him from traveling to visit the child, her getting into arguments with the mother, and her recklessness or negligence in hitting the father's dog with a vehicle (compare Matter of Rivera v Tomaino, 46 AD3d 1249, 1250 [2007]).  The paramour did not testify or attend the hearing to show her interest in developing a relationship with the child (see Matter of Yost-Crawford v Sutton, 66 AD3d 1168, 1171 [2009]).  Hence, we will not disturb the court's order, which did not prohibit all contact with the

paramour but instead merely ordered that the child not be left in her exclusive care (compare id.; Matter of Daniel v Pylinski, 61 AD3d 1291, 1292 [2009]).

Family Court did not act as an advocate for the mother. The court asked questions of the father that reflected on his fitness as a parent, his living arrangements and his financial ability to support the child, which were all relevant issues at the hearing (see Matter of Keaghn Y. [Heaven Z.], 84 AD3d 1478, 1479-1480 [2011]; see also Matter of Smith v O'Donnell, 107 AD3d 1311, 1313 [2013]).

Lahtinen, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the order is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court