*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 7, 2016                    519749
_____

In the Matter of DENISE L.,
                    Respondent,
         v                                    MEMORANDUM AND ORDER

MICHAEL L.,
                    Appellant.

(And Three Other Related Proceedings.)
_____

Calendar Date:  February 16, 2016

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Jeffrey L. Zimring, Albany, for appellant.

        Cheryl L. Sovern, Clifton Park, for respondent.

        Mary Cosgrove Militano, Scotia, attorney for the children.

_____

Devine, J.

        Appeal from an order of the Family Court of Saratoga County
(Jensen, J.), entered May 5, 2014, which, among other things,
granted petitioner's application, in a proceeding pursuant to
Family Ct Act article 6, for custody of the parties' children.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the married parents of a daughter
(born in 2003) and a son (born in 2001).  In August 2013, after a
divorce action commenced by the father was dismissed, the mother
commenced the first of the present proceedings seeking custody of
the children.  The father petitioned for custody shortly
afterward.  Family Court temporarily awarded joint legal custody

of the children, with the mother to have primary physical placement and the father to have specified parenting time. The parties both commenced proceedings to modify the temporary custodial arrangement, and the father also commenced a family offense proceeding against the mother.

In March 2014, as a result of the father's refusal to permit his attorney to attend a pretrial conference without his personal participation, Family Court issued an order dismissing the father's initial petition for custody with prejudice. Family Court then conducted a fact-finding hearing and a Lincoln hearing on the four remaining petitions, resulting in an order entered in May 2014 that, among other things, awarded sole legal custody and primary physical placement of the children to the mother and granted the father specified visitation. The father appeals from the May 2014 order.

Initially, while the father argues that Family Court erred in dismissing his initial petition for custody, that dismissal became final in a March 2014 order from which he has not taken an appeal. Any issues regarding that dismissal, as a result, are not properly before us (see Matter of Zubizarreta v Hemminger, 107 AD3d 909, 910 [2013]; Matter of Sergio LL., 269 AD2d 699, 699 [2000]).

Turning to the appealed-from custody order, we affirm. The father does not dispute that the provisions of the order are supported by a sound and substantial basis in the record. He does contend that Family Court improperly injected itself into the fact-finding hearing. Family Court was indeed active during the hearing, particularly so during the testimony of the father. The father failed to object to this behavior, rendering unpreserved his arguments as to why it was inappropriate (see Matter of Stanziano v Stanziano, 235 AD2d 845, 846 [1997]).[1]

---

[1] Almost all of the behavior the father now complains of occurred during his own testimony, and no objections were raised to it. The father, who had multiple attorneys represent him over the course of this proceeding, thereafter elected to proceed pro se and conduct the examination of his paramour himself. Family

In any event, "a trial court may question witnesses or otherwise intervene in the proceedings on its own initiative in order to elicit relevant or important facts, clarify an issue or to facilitate the orderly and expeditious progress of the" hearing (People v Walker, 242 AD2d 752, 752 [1997], lv denied 91 NY2d 837 [1997]; see Matter of Emily A. [Gina A.], 129 AD3d 1473, 1474 [2015]).  The interventions pointed to by the father largely occurred as a result of his penchant for giving nonresponsive answers, as well as his attempts to testify to hearsay and "facts" outside of his personal knowledge, despite directions by Family Court not to do so.  Family Court curtailed this behavior by striking the father's nonresponsive responses, stopping him before he could add nonresponsive information to appropriate answers and questioning him on its own initiative, all of which were proper efforts to clarify the testimony and ensure an orderly and expeditious hearing (see Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [2015]; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [2004]).

The remaining contention of the father regarding the supposed bias of Family Court has been examined and found to be lacking in merit.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

---

Court was required to intervene at times to ensure that he did so in an appropriate manner.  He then stopped his examination and refused to call any additional witnesses, apparently feeling impaired by the deficiencies in his former counsel's performance.  The father does not argue on appeal that he received the ineffective assistance of counsel.

ORDERED that the order is affirmed, without costs.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court