Matter of Davis v Davis (2023 NY Slip Op 06016)

Matter of Davis v Davis

2023 NY Slip Op 06016

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

535650 536103
[*1]In the Matter of Michael A. Davis, Appellant,
v
Maria L. Davis, Respondent. (Proceeding No. 1.)
In the Matter of Maria L. Davis, Respondent,
v
Michael A. Davis, Appellant. (Proceeding No. 2.)

Calendar Date:October 17, 2023

Before:Garry, P.J., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Michelle I. Rosien, Philmont, for respondent.

Powers, J.
Appeals from two orders of the Family Court of Clinton County (Keith M. Bruno, J.), entered May 5, 2022 and July 1, 2022, which, among other things, partially granted petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 8, finding respondent to have committed a family offense, and issued an order of protection.
Michael A. Davis (hereinafter the husband) and Maria L. Davis (hereinafter the wife) were married in April 2020 and separated the following year after a verbal argument escalated into a physical altercation. In September 2021, the husband commenced a family offense proceeding pursuant to Family Ct Act article 8 alleging that the wife had committed disorderly conduct and harassment in the first or second degree based upon, among other things, the wife having grabbed, kicked, slapped and prevented him from leaving their residence. In October 2021, the wife likewise commenced a Family Ct Act article 8 proceeding alleging that the husband had committed several family offenses against her stemming from the same incident, as well as a March 2020 incident, including disorderly conduct, harassment in the first or second degree, strangulation, menacing in the second or third degree, stalking and criminal obstruction of breathing or blood circulation. Following a joint fact-finding hearing, Family Court dismissed the husband's petition, found that the husband committed the family offense of criminal obstruction of breathing or blood circulation stemming from the March 2020 incident and granted the wife's petition to that extent. After a dispositional hearing, Family Court issued a one-year order of protection in favor of the wife, directing that the husband, among other things, stay away and refrain from any contact with her. The husband appeals, and we affirm.
The husband contends that the evidence produced at the fact-finding hearing does not support Family Court's dismissal of his petition as his proof was sufficient to establish that the wife committed the family offense of harassment in the second degree. The burden of establishing, by a fair preponderance of the evidence, that the wife committed one of the enumerated family offenses set forth in Family Ct Act § 821 (1) (a) rested with the husband (see Matter of McKenzie v Berkovitch, 192 AD3d 1413, 1414 [3d Dept 2021]). "The question of whether a family offense has been committed presents a factual issue to be resolved by Family Court, and Family Court's determinations regarding the credibility of witnesses are accorded great weight" (id. at 1414-1415 [internal quotation marks and citations omitted]). As pertinent here, a person commits harassment in the second degree — one of the family offenses enumerated in Family Ct Act § 821 (1) (a) — "when, with intent to harass, annoy or alarm another person[,] . . . [h]e or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same" (Penal Law § 240.26 [1[*2]]).
The husband argues that the wife admitted in her petition that she was "fed up" with his accusations and "completely lost [her] temper [and] started screaming and hitting [him]." However, at the hearing, the wife testified that she was "scared" and "afraid of" the husband when he accused her of cheating and "intended to defend [her]self." Notwithstanding that Family Court found the record unclear as to which of the parties was first to initiate physical violence, the court did not find the husband's account to be generally credible and credited the wife's version of the altercation, also noting that the wife is of much smaller stature and had been injured by the husband on prior occasions. Having carefully considered the record and according due deference to Family Court's credibility determinations, we do not find that the court abused its discretion in concluding that the wife's conduct was rooted in self-defense (see Matter of Lynn TT. v Joseph O., 129 AD3d 1129, 1130-1131 [3d Dept 2015]).
Further, to the extent that the husband contends that Family Court erred in denying his request to reopen the proof to offer an audio recording of the September 2021 incident, we would find any such error harmless. "The decision whether to reopen a hearing to permit the introduction of additional evidence is committed to the discretion of Family Court upon consideration of whether the movant has provided a sufficient offer of proof" (Matter of Kenda UU. v Nicholas VV., 173 AD3d 1295, 1296 [3d Dept 2019] [internal quotation marks and citations omitted]). Here, the husband's offer of proof was that the audio recording would establish that the wife struck and kicked him, a fact which she readily conceded. Thus, the audio recording, if admitted, would merely be cumulative. Therefore, we discern no error in Family Court's finding that the husband failed to establish that the wife had the requisite intent to harass, annoy or alarm him.
Turning to the wife's petition, our review of the record reveals no error in Family Court's finding that the husband committed the family offense of criminal obstruction of breathing or blood circulation against the wife. Criminal obstruction of breathing or blood circulation occurs when a person, "with intent to impede the normal breathing or circulation of the blood of another person, . . . applies pressure on the throat or neck of such person" (Penal Law § 121.11 [a]). The wife testified that, in March 2020, the husband "put his hands . . . on [her] neck" and "squeezed very strongly" and, as she tried to hit and scratch him, she "was breathing a little bit." She further testified that he released her for a moment and went to the closet where he keeps the box with his weapon, but then turned around and approached her again. He then pushed her against the wall and "with all his strength . . . squeezed [her] neck." She testified that she "couldn't breathe" and "started losing strength [and] had no air[,] . . . [then] passed out[*3]." Finding nothing in the record that casts doubt on the wife's descriptive testimony, we discern no basis to disturb Family Court's finding that the elements of criminal obstruction of breathing or blood circulation were satisfied (see Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 769 [3d Dept 2021]; Matter of Putnam v Jenney, 168 AD3d 1155, 1156 [3d Dept 2019]).
Finally, we find no error in Family Court's issuance of a stay-away order of protection. At the dispositional hearing, the husband rested upon the proof presented at the fact-finding hearing. Notably, his employment requires his possession of a firearm. However, a sheriff's office clerk, called as a witness by the wife at the fact-finding hearing, testified that the husband had precise details regarding the wife's daily activities, and a domestic violence counselor testified similarly, that the husband knew which particular parking space she was using at the shelter. The court noted that the husband was even present at the time that she filed her petition, watching her in an intimidating manner. Considering the concerns regarding the nature of the husband's conduct and the wife's vulnerability, Family Court did not err by directing that he stay away from and have no contact with her (see Matter of Julie G. v Yu-Jen G., 81 AD3d 1079, 1083 [3d Dept 2011]).
To the extent that the husband's remaining contentions are not specifically addressed, such contentions have been reviewed and found to be unpersuasive.
Garry, P.J., Lynch, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the orders are affirmed, without costs.