Matter of Jeffrey SS. v Myah TT. (2025 NY Slip Op 06569)

Matter of Jeffrey SS. v Myah TT.

2025 NY Slip Op 06569

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-24-0759
[*1]In the Matter of Jeffrey SS., Petitioner,
v
Myah TT., Appellant. (And Two Other Related Proceedings.)

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Christopher Hammond, Cooperstown, for appellant.
Pamela Doyle Gee, Big Flats, attorney for the child.

Fisher, J.
Appeal from an order of the Family Court of Chemung County (Mary Tarantelli, J.), entered April 4, 2024, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2012). Since February 2013, there have been multiple Family Court proceedings regarding paternity and custody of the child. As relevant here, in August 2017, Family Court (Baker, J.) awarded the father sole legal and primary physical custody of the child, with certain parenting time to the mother. The terms of the order also required the mother to prevent contact between the child and the boyfriend, who had unsuccessfully challenged paternity of the child. In April 2021, the parties consented to a modified order from Family Court (Tarantelli, J.), requiring the parties to take into consideration the wishes of the child as to the mother's parenting time; the provisions of the August 2017 order otherwise remained in effect.

In June 2023, the father alleged that the mother resumed a relationship with the boyfriend and — against court orders — permitted contact between the child and the boyfriend, as well as the boyfriend's family. As a result, the father sought emergency relief to suspend the mother's parenting time and expand the no-contact provision to also prohibit contact between the child and the boyfriend's family. The mother opposed and cross-petitioned for physical custody of the child. Between the two days of the fact-finding hearing, the father filed a violation petition asserting that the mother had admitted to violating the terms of the April 2021 order. Following the conclusion of the fact-finding hearing and a Lincoln hearing, Family Court issued an order that, among other things, reduced the mother's parenting time, expanded the no-contact provision to include all the boyfriend's relatives and denied the relief sought in the mother's cross-petition. Family Court also found that the mother failed to comply with the prior orders and issued a 60-day suspended jail sentence against the mother on the condition that she would comply with the orders of the court and cease discussing matters of paternity with the child. The mother appeals.[FN1]
Initially, we have been informed of post-determination events and a temporary order of Family Court, whereby the paternal grandmother was granted temporary legal and physical custody of the child. Such temporary order stems from new allegations that the father was arrested out-of-state and charged with certain crimes that carry a possible term of incarceration. Although we may remit a matter for further proceedings based on new facts and allegations that indicate the record before us is insufficient for intelligent appellate review or determining what custodial situation is in the child's best interests (see Matter of Michael B., 80 NY2d [*2]299, 318 [1992]; Matter of Charity BB. v Jeremy CC., 241 AD3d 1045, 1047 [3d Dept 2025]), we decline to do so here, as the appeal is not moot given the nonpermanent nature of the order issued by Family Court (see Matter of Derek KK. v Jennifer KK., 196 AD3d 765, 766 [3d Dept 2021]). Nor do these new developments impact the narrow challenge raised on appeal by the mother, who contends that the custody order was a product of bias due to Family Court's conduct as an advocate during the fact-finding hearing.[FN2]
To this point, while Family Court was active during the first day of the fact-finding hearing, particularly during the testimony of the mother, we cannot say that the judge took "on either the function or appearance of an advocate at trial" (People v Arnold, 98 NY2d 63, 67 [2002]). Contrary to the mother's contention, Family Court did not act as an advocate for the father when the court asked questions of the mother relating to the complex history of proceedings between the parties and her prior petitions, or her understanding of the prior orders, which were all relevant issues at the hearing (see Matter of Carr v Stebbins, 123 AD3d 1164, 1165 [3d Dept 2014]). In posing questions to the mother, Family Court admitted several prior orders into evidence and inquired whether there were any objections. Counsel for the mother did not interpose any objections to Family Court's questioning or the admission of such exhibits, thereby failing to preserve this challenge, and later proceeded to use the court exhibits during her examination of the mother (see Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1300 [3d Dept 2024]; Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1083 [3d Dept 2024]). Our further review of the record reveals that the gravamen of Family Court's efforts were to elicit relevant or important background facts during the hearing, which was within the province of the court to do so without crossing the line into becoming an advocate (see Matter of Denise L. Michael L., 138 AD3d 1172, 1173-1174 [3d Dept 2016]; see also Matter of Jehrica K. v Erin J., 223 AD3d at 1083; Matter of Carr v Stebbins, 123 AD3d at 1165; compare Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1355 [3d Dept 2022], lv dismissed 39 NY3d 1092 [2023]).[FN3] Although Family Court made one comment that was better left unsaid, the record fails to support the mother's contention that Family Court was in some way biased against her in rendering the custody order — particularly given the mother's admissions during her testimony relating to contact between the child and the boyfriend (see Matter of Samantha E. v Nicholas F., 233 AD3d at 1300).
Lastly, we remind Family Court that "protecting the child's right to confidentiality remains a paramount obligation" (Matter of LeVar P. v Sherry Q., 181 AD3d 1008, 1010 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Verry v Verry, 63 AD3d 1228, 1229 [3d Dept 2009], lv denied 13 NY3d 707 [2009]). Despite [*3]acknowledging on the record that the testimony during a Lincoln hearing is "private" and between the court, the child and the child's attorney, the record contains numerous instances where Family Court disclosed information provided by the child. Therefore, while Family Court may consider the information shared by a child in a Lincoln hearing to render its final determination, "such considerations must remain silent to ensure that the child's right to confidentiality is protected" (Matter of John M. v Tashina N., 218 AD3d 935, 939 [3d Dept 2023]; see Matter of Shirreece AA. v Matthew BB., 195 AD3d 1085, 1091 n 2 [3d Dept 2021]). We have considered the remaining contentions of the parties and have found them to be without merit or rendered academic.
Aarons, J.P., Reynolds Fitzgerald, Ceresia and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The father did not submit a brief.

Footnote 2: The mother does not dispute that the provisions of the custody order are supported by a sound and substantial basis in the record.
Footnote 3: The appellate attorney for the child highlights the complexity of the proceedings between the parties and contends that Family Court's conduct was appropriate to render a decision based on the child's best interests.