Matter of B. BB. v A.Z.
2026 NY Slip Op 02700
April 30, 2026
Appellate Division, Third Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of B. BB., Petitioner,
v
A.Z., Appellant, and A. AA., Respondent.

Decided and Entered:April 30, 2026
CV-24-1657
Calendar Date: March 24, 2026
Before: Clark, J.P., Aarons, Ceresia, Mcshan And Corcoran, JJ.

Renee J. Albaugh, Accord, for appellant.
Lisa K. Miller, McGraw, for respondent.
Michelle I. Rosien, Philmont, attorney for the child.

[*1]
Clark, J.P.
Appeal from an order of the Family Court of Chemung County (Richard Rich Jr., J.), entered March 15, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the subject child.
Respondents A. Z. (hereinafter the father) and A. AA. (hereinafter the mother) are the parents of the subject child (born in 2019). By the terms of an August 2023 custody order issued on consent, the parents agreed to share joint legal custody of the child, with the father retaining physical custody and the mother having a set schedule of parenting time. As both parents struggle with substance abuse issues, they also signed a safety plan regarding the child and the August 2023 order directed them to refrain from using illicit substances within 24 hours of their parenting time. The order also required the mother's parenting time to be "held in a public place" or at the home of petitioner, the child's maternal grandmother (hereinafter the grandmother). It further directed the father to remain in substance abuse counseling and to refrain from using alcohol within 24 hours of his parenting time.
In September 2023, following a Child Protective Services report, the grandmother obtained temporary custody of the child. The parents thereafter signed another safety plan under which they agreed that custody would remain with the grandmother pending the completion of services, including substance abuse treatment. A day later, the grandmother filed a petition for custody of the child based upon the parents' untreated substance abuse issues.
The grandmother appeared pro se at the ensuing fact-finding hearing on her petition. However, both parents, as well as the child, were represented by counsel. Following the hearing, Family Court granted the grandmother's petition and awarded her sole legal and physical custody of the child, finding that extraordinary circumstances existed to confer standing upon her to petition for custody and that the best interests of the child were served by granting the petition. The court also awarded the mother and the father parenting time with the child, with the father's parenting time to be supervised until he "engaged in and made substantial progress in substance abuse counseling." The father appeals.
The father does not challenge the merits of Family Court's custody determination.FN1 Rather, his sole argument on appeal is that the order must be reversed and the matter remitted for a new fact-finding hearing because the court did not maintain its judicial role and instead inappropriately assumed the role of advocate for the grandmother.FN2 However, the father, who was represented by counsel during the hearing, did not raise this issue before Family Court, rendering it unpreserved for review (see Matter of Samantha E. v Nicholas F., 233 AD3d 1295, 1300 [3d Dept 2024]; Matter of Jehrica K. v Erin J., 223 AD3d 1079, 1083 [3d Dept 2024]). In any event, although a court may not abdicate its role as neutral [*2]arbiter, "the law will allow a certain degree of judicial intervention in the presentation of evidence . . . [and] a trial court may question witnesses or otherwise intervene in the proceedings on its own initiative in order to elicit relevant or important facts, clarify an issue or to facilitate the orderly and expeditious progress of the hearing" (Matter of Samantha E. v Nicholas F., 233 AD3d at 1300 [internal quotation marks and citations omitted]).
Here, although Family Court played an active role during the hearing, we note that the grandmother appeared pro se and informed the court that she had "no idea how any of this works." The court provided all parties, along with the attorney for the child, the opportunity to cross-examine the hearing witnesses and the court's own questioning of witnesses was directed at eliciting information necessary to make an informed decision on the grandmother's petition (see Matter of Jeffrey SS. v Myah TT., 243 AD3d 1156, 1158 [3d Dept 2025]; Matter of Carr v Stebbins, 123 AD3d 1164, 1165 [3d Dept 2014]). Upon scrutinizing the hearing transcript, we are satisfied that the court's active role during the hearing was for the purpose of "facilitat[ing] the orderly and expeditious progress of the hearing" and that it did not abdicate its role as neutral arbiter (Matter of Denise L. v Michael L., 138 AD3d 1172, 1173-1174 [3d Dept 2016] [internal quotation marks and citation omitted]; see Matter of Jeffrey SS. v Myah TT., 243 AD3d at 1158; Matter of Samantha E. v Nicholas F., 233 AD3d at 1300; Matter of Michelle L. v Steven M., 227 AD3d 1159, 1165 [3d Dept 2024]; Matter of Carr v Stebbins, 123 AD3d at 1165; Matter of Borggreen v Borggreen, 13 AD3d 756, 757 [3d Dept 2004]; compare Matter of Zyion B. [Fredish B.], 224 AD3d 1285, 1287 [3d Dept 2024]; Matter of Nicole B. v Franklin A., 210 AD3d 1351, 1353 [3d Dept 2022], lv dismissed 39 NY3d 1092 [2023]). The father's related claim of judicial bias is also not supported by the record.
Aarons, Ceresia, McShan and Corcoran, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1
As such, we have no occasion to analyze the propriety of the extraordinary circumstances and best interests findings.

Footnote 2
The mother and the attorney for the child both reject such contention, and additionally argue that the order has a sound and substantial basis in the record.